1832.

DEVAUCENE
v.
DEVAUCENE.

771, a defendant is bound to make answer upon any bill filed for the discovery of any sum of money, goods or things in action taken, accepted or received in violation of the provisions of such statute: notwithstanding the smallness of the amount. The motion must be denied; but as it is, perhaps, a new point, I shall not give costs. No harm will be done by withholding them at this time. The defendant will be entitled to these, as well as to the costs of putting in his answer, whenever it is perfected.

---

### DEVAUCENE vs. DEVAUCENE and others.

Papers used upon an application for a writ of assistance and for other relief, where a decree had directed a reconveyance of an estate and possession to be given and which were refused.

---

February 6,
1832.

Practice.
Writ of assistance.
Attachment.

THE decree in this case had set aside a deed conveying real estate in the village of Brooklyn, and directed the defendants to reconvey the property to the complainant and give up possession. They had made default in doing so; and Mr. David Graham, on the part of the complainant, now moved for a writ of assistance and for such other relief as the court might see proper to grant.

The motion was founded upon the following documents:

Notice of the motion and affidavit of personal service of a copy of the same and of the other papers;

A certified copy of the decree;

Certificate of the enrolment of the decree;

Deed of reconveyance, approved of by a master;

Affidavit showing a demand of possession and execution of the deed of reconveyance and refusal to do either.

THE VICE-CANCELLOR. Take a writ of assistance; and let an attachment issue, in case the deed be not executed within ten days.

1832.

M'DERMUT
v.
LORILLARD.

---

M'DERMUT and VAN HOOK, acting executors of JUDAH, deceased, and others *vs.* LORILLARD.

---

The Revised Statutes (2 R. S. 109 sec. 56; 104, sec. 25,) requiring six weeks advertising, &c. upon a sale of real estate by an executor for payment of debts and legacies, in pursuance of the authority given by a will, applies only when the will is silent as to the manner of sale.

Where executors had power to sell, in order to meet legacies, " *at such time " and in such manner as to them should seem most advantageous,*" and they sold upon an advertisement of three weeks : *Held,* to be a valid sale.

In construing a statute, the intention of the law-giver, when once ascertained, is to prevail over the literal sense of the words which are used. Such intention is to be gathered from a consideration of all parts of the statute taken together. This may be presumed according to the necessity of the matter and of that which is consonant to reason and good discretion.

---

THIS cause came up on bill and answer. The only question for the court to decide was, whether, since the Revised Statutes, executors of real estate, having discretionary power to dispose of it by the will, could make a valid sale by auction short of a six weeks advertisement.

*February* 6,
1832.

*Validity of sale by executors.*
*Construction of statute.*

Moses Judah, the testator, made his will in the month of April, one thousand eight hundred and thirty-one. He disposed of all his property in pecuniary legacies, and thereby rendered it necessary to convert his real estate into money. To meet this intention, the will contained the following clause : "I direct " and order that my executors hereinafter named or the sur- " vivors and survivor of them, shall, at such time and in such " manner as to them shall seem most advantageous to my estate, " sell and dispose of all or any part of my real estate where- " soever situate ; and to make and execute to the purchaser or " purchasers thereof good and sufficient deed and deeds for

35