## NEW YORK COMMON PLEAS.

SAMUEL RAWISZER, plaintiff and appellant, agt. RICHARD HAMILTON and MATTHEW T. BRENNAN, sheriff, etc., defendants and respondents.

*Writ of assistance — when conclusive between parties — merger of estates.*

Where a writ of assistance is issued upon notice in favor of a purchaser under a mortgage foreclosure sale, against a tenant in possession of the mortgaged premises, and is executed by putting the purchaser in possession, it is conclusive upon the tenant and the purchaser as to the right of possession. If the tenant had any defense to it, it should have been presented on the hearing of the motion for the writ. The question whether the writ was properly awarded cannot be reviewed in a collateral action in another court.

Where the purchaser of mortgaged premises, sold on a junior mortgage, subsequently purchased the judgment and decree of sale made on a prior mortgage foreclosure, this judgment does not thereby become merged in his title to the premises under the first foreclosure, nor prevent him from buying at the sale, either in his own name or by another.

*General Term, December,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* J. F. DALY, *JJ,*

APPEAL from a judgment of the special term in favor of the defendant Hamilton, dismissing the plaintiff's complaint, with costs.

*David Levy,* for plaintiff, appellant.

*James E. Wheeler,* for defendant, respondent.

LOEW, *J.* — This action was brought on the equity side of the court to restrain the defendants from interfering with the plaintiff in his possession of premises No. 33 Ridge street, in

Rawiszer agt. Hamilton.

the city of New York, and to recover damages alleged to have been sustained by him in consequence of his having been ejected from said premises by the sheriff of the city and county of New York, under a writ of assistance granted by the supreme court.

It appears that the plaintiff was in possession of the premises in question under two written leases made to him by Philip Levy, in May and June, 1870. On the 8th day of February, 1871, a judgment of foreclosure and sale of said premises was entered in the supreme court in an action entitled *Rathjen* agt. *Levy*, which had been brought to foreclose a mortgage made in 1869. To this action the plaintiff was not made a party. The premises were sold under the said judgment and Frederick Weinecke became the purchaser thereof, and took title to the same subject to the plaintiff's leases.

On the 24th day of February, 1871, a judgment of foreclosure and sale of the said premises was entered in the supreme court in an action entitled *Ruck* agt. *Anthes*, which was brought to foreclose a mortgage made in 1866, to which action the plaintiff Rawiszer was made a party. On the 13th day of April, 1871, Frederick Weinecke became the owner of this judgment, and on the following day the said premises were, by his direction, sold under that judgment, and the defendant Richard Hamilton became the purchaser thereof. On the 22d day of September, 1871, the referee's deed was delivered to Hamilton. Subsequently a writ of assistance was issued by the supreme court upon the application of the defendant Hamilton, and on the 2d day of October, 1871, the sheriff ejected the plaintiff and put Hamilton in possession of the premises.

It is claimed on the part of plaintiff that Hamilton, in becoming the purchaser of the premises in question, did so in fraud of the plaintiff's rights; that he was merely acting for Weinecke; that the two conspired together with the view of ousting the plaintiff, cutting off his leases and depriving him of the benefit and possession of the said premises. However

Rawiszer agt. Hamilton.

this may be, I agree with the learned judge before whom this cause was tried, that this action cannot be maintained. The writ of assistance awarded by the supreme court not only required the sheriff to eject the plaintiff and put the defendant Hamilton into full and complete possession of the said premises, but also to keep, maintain and defend him therein. It was therefore a judicial determination of the respective rights and claims of Rawiszer and Hamilton to the possession of the property, which was conclusive upon them until reversed, vacated or set aside in the forms prescribed by law. If the plaintiff felt aggrieved, he should have made application to the supreme court in the action in which the writ of assistance was granted to have the same vacated and annulled, and a writ of restitution awarded to him. While that writ of assistance remains in full force, it constitutes a bar to any other action or proceeding between the plaintiff and Hamilton, as regards the right of possession to said premises, for any cause which existed when the same was allowed, and which might have been adjudicated in that proceeding. Nor will this court, in a collateral action, pass upon the question whether or not the writ was properly awarded by the supreme court; and without doing that it is plain that the plaintiff cannot recover damages.

It is, however, contended on the part of the plaintiff that the debt was merged in the decree of foreclosure; that the mortgage became thereby extinguished (*The People* agt. *Beebe*, 1 *Barb.*, 379); that Weinecke, by paying the amount of the decree and costs, satisfied the same; that the subsequent sale of the premises was absolutely void, and that consequently the writ of assistance will not avail the defendant Hamilton. This view is based on the assumption that Weinecke did not at any time take an assignment of the judgment.

But the testimony, on the part of both the plaintiff and defendant, is to the effect that the judgment, or decree, was assigned to him, and judge ROBINSON has so found. It is true the learned judge in his finding refers to the deed of assignment; and from an inspection of that it appears that it is

Rawiszer agt. Hamilton.

not an assignment of the decree, but only of the mortgage on which the decree was based. But I, nevertheless, think that, in view of the positive testimony in the case that an assignment of the judgment was made, this finding should not be disturbed. There may have been two assignments, one of the decree and the other of the mortgage. Indeed, such would seem to have been the case from the testimony given by the plaintiff's own witness. Moreover, although Weinecke was the owner of the fee at the time of the assignment of the judgment to him, yet the judgment did not necessarily become merged in his title to said premises as is urged by the plaintiff's counsel. In equity if a greater and lesser estate meet or unite in the same person the question whether or not the latter is swallowed up or merged in the former depends upon the expressed or implied intention of such person (*Clift* agt. *White*, 12 *N. Y.*, 519; *James* agt. *Morey*, 2 *Cow.*, 246). In the present case it clearly appears that when Weinecke became the purchaser of the judgment he elected to keep the same alive and unextinguished, consequently it did not merge in the fee previously acquired by him.

The judgment of the special term should be affirmed.

J. F. DALY, J., concurred.

DALY, *Ch. J.* — The writ of assistance can be obtained only upon a motion to the court of which the party in possession has notice (*Devancene* agt. *Devancene*, 1 *Edw. Ch.*, 272; *Valentine* agt. *Teller*, 1 *Hopk.*, 422). The plaintiff, when the writ was applied for, had the opportunity of stating any objection that there was to granting it; and the writ having been allowed he was concluded by it. But in addition to this the purchaser under the first foreclosure had a right to purchase the judgment obtained upon the second foreclosure, to which the plaintiff was a party, or to buy at the sale, and it was wholly immaterial whether he bought himself or got the defendant to purchase it for him.

I agree, therefore, that the judgment should be affirmed.