Peter B. Ross, Appellant, *v.* Sarah Wood et al., Respondents.

An equitable action cannot be maintained to annul a judgment rendered upon conflicting evidence, upon the ground that the opposite party and his witnesses conspired together to obtain a judgment by perjury and fraud, and that the judgment was obtained by false evidence.

The fraud which will justify equitable interference in setting aside a judgment or decree must be actual and positive, not merely constructive; it must be fraud occurring in the concoction or procurement of the judgment or decree, which was not known to the party at the time, and for not knowing which he is not chargeable with negligence.

(Submitted April 24, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant Perez, entered upon an order sustaining a demurrer to plaintiff's complaint.

This action was brought to annul and set aside a judgment rendered in an action in the city court of Brooklyn, wherein defendant, Sarah Wood, was plaintiff, and the plaintiff herein was defendant.

The defendant Perez alone appeared.

The complaint in substance alleged that said defendant Sarah Wood executed to plaintiff a deed of certain premises, and thereafter colluding and confederating with other of the defendants to cheat and defraud plaintiff of said land by perjury and false testimony, the said former action was brought to set aside the deed as fraudulent and void, to which complaint the plaintiff interposed an answer denying its allegations. That on the trial, in pursuance of such conspiracy, said Sarah Wood and her witnesses testified falsely in various particulars, some of which were particularly set forth and specified, which testimony was given for the purpose of procuring a verdict by false evidence and perjury, and that by reason of said perjuries the jury did find a verdict in favor of said Sarah Wood, and judgment was thereon rendered setting aside the deed, and that the premises were thereafter conveyed to the defendant Perez, who received his deed with knowledge of the facts. Defendant Perez demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*L. S. Chatfield,* for the appellant. A court of equity has power to look into the judgments of other courts and to

relieve against them on the ground of fraud or mistake. (2 Wait's Pr., 48; Story's Eq. Jur., §§ 887, 896; *Higgins* v. *King*, 3 Barb., 616; *Munn* v. *Worral*, 16 id., 228; *Shaw* v. *Dwight*, id., 536; *Clark* v. *Underwood*, 17 id., 221; *Mallory* v. *Norton*, 21 id., 424; *Clute* v. *Potter*, 37 id., 201; *McDonald* v. *Nelson*, 2 Cow., 139; *Jacobs* v. *Morange*, 1 Daly, 523; *Loyd* v. *Munsell*, 2 P.Wms., 74; *Byers* v. *Surget*, 19 How. [U. S.], 308; *Wright* v. *Miller*, 8 N. Y., 9; *Vilas* v. *Jones*, 1 id., 281; *Dobson* v. *Pearce*, 12 id., 165; *Michigan* v. *Phœnix Bank*, 33 id., 9; *Smith* v. *Nelson*, 62 id., 286; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332; *Borden* v. *Fitch*, 15 J. R., 138; *Kennedy* v. *Daly*, S. & L., 355; *Fermor's Case*, 4 Coke R., 78 b.) Fraud may always be shown and when established it will vitiate any transaction. (*Hall* v. *Irwin*, 3 N. Y. W. Dig., 34; *O'Mahony* v. *Belmont*, 62 N. Y., 145.)

*Rufus L. Scott*, for the respondents. The judgment of a court of competent jurisdiction upon a point litigated is conclusive in all subsequent controversies where the same point again arises between the same parties. (*Embury* v. *Conner*, 3 Comst., 522; *White* v. *Coatesworth*, 2 Seld., 137; *People* v. *Smith*, 51 Barb., 360; *Keene* v. *Clark*, 5 Rob., 38; *Gates* v. *Preston*, 41 N. Y., 113.)

ALLEN, J. The rule as stated by Ch. KENT in *Foster* v. *Wood* (6 J. C. R., 87), is, that chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part. The fraud which will justify equitable interference in setting aside judgments and decrees must be actual and positive, and not merely constructive. It must be that which occurs in the very concoction or pro-

curing of the judgment or decree, and something not known to the opposite party at the time, and for not knowing which he is not chargeable with negligence. (*Patch* v. *Ward*, L. R., 3 Ch. App., 203; Story's Eq. Jur., §§ 1,581, *et seq.; Dobson* v. *Pearce*, 2 Kern., 156; *Michigan* v. *Phœnix Bank*, 33 N. Y., 9; Fonb. Eq., 27, 642, notes.) Relief can only be granted upon some new matter of equity not arising in the former case. Equity will not take cognizance on the same grounds of the very point which another court of competent authority in the case has considered and decided. Per Ch. KENT. (*Simpson* v *Hart*, 1 J. C. R., 91.) Lord REDESDALE, in *Bateman* v. *Willoe* (1 Sch. & Lefroy, 201), says: "I do not know that equity ever does interfere to grant a trial of a matter which has already been discussed in a court of law, a matter capable of being discussed therein, and over which the court of law had full jurisdiction." This is the settled doctrine of courts of equity. (*Williams* v. *Lee*, 3 Atk., 225; *Le Guen* v. *Gouverneur*, 1 J. Cas., 436.) And the rule should not be relaxed to retry questions deliberately tried and adjudicated by courts of equity having concurrent jurisdiction of the subject-matter with that in which the action to be relieved from the judgment or decree is brought. Lord CAIRNS, in *Patch* v. *Ward, supra*, says: "The insisting upon rights which, upon a due investigation of those rights, might be found to be over-stated or over-estimated, is not the kind of fraud which will authorize the court to set aside a solemn decision which has assumed the form of a decree, signed and enrolled."

The plaintiff seeks in this action to retry in a different forum an issue of fact once determined by the verdict of a jury, and the judgment of a court of competent jurisdiction based thereon. It is not averred in the complaint that the former trial was not in all respects fair and impartial; that the verdict was not in harmony with the evidence; that the plaintiff was surprised by the testimony in behalf of his adversary in that action; that he was prevented or hindered in any way or by any means from fully and fairly litigating

the action, and giving all the evidence which could then have been or can now be given; or that he did not then have the benefit of all the evidence then or now existing. It is not alleged that any evidence material to the contention has been discovered since the former trial, or that the testimony can be materially changed upon a retrial. The general averment of a combination and conspiracy by the defendants to obtain the judgment without averring by what acts the end was to be accomplished, or that any illegal acts were done, or that the plaintiff was damnified or his rights affected by the conspiracy, or that the result was brought about by means of the combination, does not aid the plaintiff.

The plaintiff by this action merely asks another court of concurrent jurisdiction with the City Court of Brooklyn, in which the judgment sought to be vacated was given, to review the evidence as it shall be repeated, and annul that judgment upon the ground that the evidence upon which it was pronounced was false, and ought not to have been credited. There was no suppression of evidence by the plaintiff in the former action, or ignorance on the part of the present plaintiff of any fact material to the controversy, and all the evidence which is now within his reach was produced or might have been produced on that trial, and was equally competent then as now. The substance of the complaint, the foundation of the demand for relief, is that the court and jury upon the former trial, upon a conflict of evidence, gave credit to the evidence on the part of his adversary then and now claimed to be false, rather than to the contradictory and conflicting evidence. This is no ground for relief by suit in equity. The only remedy in such a case is by application to the same court for a new trial.

The judgment must be affirmed.

All concur.

Judgment affirmed.