have governed as to the costs if a new trial had been had. But the plaintiff was not satisfied with that order; he did not take the new trial, but appealed to this court. That order was reversed and thus its entire effect was wiped out, and this court exercised its discretion upon the costs by affirming the judgment of the special term, " with costs." That means all the taxable costs subsequent to the judgment affirmed consequent upon the appeals both to the general term and to this court. The whole subject of costs both in the superior court, subsequent to the payment there and in this court, was then subject to the control of this court and it exercised its discretion by granting them to the plaintiff.

It follows, from these views, that the order of the general term should be reversed and that of the special term affirmed, with costs, and when we say " with costs " we mean the costs of the appeal to the general term and to this court.

All concur.

---

## SUPREME COURT.

THE NEW YORK CENTRAL RAILROAD COMPANY agt. JOHN T. HARROLD *et al.*

*Judgment—When court will not entertain jurisdiction of actions to set aside judgments obtained upon actual trials upon conflicting evidence.*

Where issues have been litigated in a former action, they cannot be retried in another between the same parties upon allegations that fraud, perjury and conspiracy have been committed by the prevailing party and his witnesses.

Although it is a legal principle well established, that where a judgment has been obtained by fraud, conspiracy and perjury, that equity will interfere to restrain its enforcement, still, like other general principles, this must be taken to apply to a case where proof of such fraud, perjury and conspiracy is admissible.

Therefore, when it appears that the same matter has actually been tried, the party is estopped to set up such fraud and crime, because the judgment is the highest evidence and cannot be contradicted.

New York Central Railroad Company agt. Harrold *et al.*

*Special Term, March,* 1883.

*Deyo, Duer & Bauerdorf* and *John H. Burger,* for plaintiff.

*Chauncey Shaffer* and *H. H. Dailey,* for defendants.

C. F. Brown, *J.*— It appears from the complaint in this action that in May, 1880, the defendant Harrold recovered a judgment against the plaintiff for $30,000 in this court. That such judgment was subsequently affirmed by the general term and the court of appeals. That after the affirmance of the judgment a motion for a new trial was made upon the grounds of newly discovered evidence, and denied, and that the order denying such motion was affirmed on appeal to the general term.

This action is brought against Harrold and two persons who were witnesses in his behalf on the trial of the former suit, and the general charge made against them in the complaint is, that they " conspired and confederated together to cheat and defraud the plaintiff out of a large sum of money by means of the action by said Harrold against the plaintiff."

The relief sought herein is that the judgment recovered by Harrold be declared fraudulent and void and be canceled of record. I do not think the complaint states a cause of action.

The general legal principle may be conceded that where a judgment has been obtained by fraud equity will interfere to restrain its enforcement, but like other general maxims this must be taken to apply to a case where proof of fraud is admissible. And when it appears that the same matter has actually been tried, or so in issue that it might have been tried, it is not again admissible, the party is estopped to set up such fraud, because the judgment is the highest evidence and cannot be contradicted (*Grum* agt. *Grum,* 2 *Gray,* 361; *U. S.* agt. *Throckmorton,* 98 *U. S. Rep.,* 61; *Ross* agt. *Wood,* 70 *N. Y. Rep.,* 8).

In the last case it was held that an equitable action cannot be maintained to annul a judgment rendered on conflicting,

evidence upon the ground that the opposite party and his witnesses conspired together to obtain a judgment by perjury.

An analysis of the complaint shows that a trial of this action would present the same question that was litigated and determined in the former suit. After setting out a history of the first litigation, it is alleged in the fourth paragraph that " the only question litigated by the plaintiff was the extent and permanency of Harrold's injuries on the occasion of the accident." It further sets forth that upon that question a large number of witnesses were sworn on both sides, and with the exception of the defendant Barber, they were all physicians and experts. The fifth paragraph alleged that Harrold " was not seriously injured by the accident."

The sixth paragraph charges a conspiracy on the part of the defendant to defraud the plaintiff by swearing that Harrold was " seriously injured " by the accident.

The seventh paragraph states facts which the defendants Deyo and Baker testified to on the trial and alleges that they were untrue.

The eighth paragraph alleges that Harrold never suffered any " serious injury " as the result of the accident, and that the judgment obtained was the result of " a conspiracy."

. The foregoing are all the material allegations of the complaint, and it is clear that but one question is presented, viz. : " Did the defendants swear falsely as to the extent of Harrold's injuries." This question necessarily depends upon the other inquiry whether Harrold sustained " serious injury " from the accident, which is the precise question which it is alleged in the complaint " was the only question litigated by the plaintiff " on the former trial.

The case falls directly within the principle of *Wood* agt. *Ross*, and the demurrer must be sustained.

It is claimed, however, that the allegation that Deyo and Barber testified that Harrold was confined to his bed after the accident, when, in truth, he was attending to his business in New York, presents a question not adjudicated upon the former

trial.   I do not think so.   It is a piece of testimony bearing on
the truth of the evidence of those witnesses given on the trial.
It is not  decisive of the extent of the injury sustained, and of
itself is not necessarily inconsistent with " serious injury."   It
is cumulative testimony, insufficient, standing alone, to war-
rant granting a new trial, and affords no ground for equitable
interference with the judgment.

Nor does it alter the case that this action is against other
parties than Harrold.   I fail to see the object of making
Deyo and Barber parties · to this suit.   They are wholly
unnecessary.   The relief sought for could as well be granted
if Harrold was the only party to the suit.   No relief is asked
for against either of them, and none could be properly asked
for upon the allegations of the complaint.   There. is clearly
no cause of action against Deyo and Barber, and if I am right
in my construction of the complaint, none against Harrold.
Since courts of law have exercised the power of granting new
trials, the court of chancery rarely entertained jurisdiction of
actions to set aside judgments obtained upon actual trials upon
conflicting evidence.   And under our system of practice, where
the supreme court has general jurisdiction of law and equity,
with power to relieve from unconscionable judgments on
motion to the same extent as was formerly done by the court
of chancery, a party who has litigated his case to the fullest
extent possible in a common-law action cannot after his defeat
become himself plaintiff, and under the guise of an equity
suit in the same court, and perhaps before the same judge,
compel a retrial of the same question litigated in the first
trial.   Such a practice is opposed to the general policy of our
law.   Interest *rei publicæ ut sit finis litium.*

I have not been referred to a single case where a court of
equity has interfered to restrain the collection of a judgment
obtained in a court of law after a trial on the merits upon
conflicting testimony when the trial court had the power to
grant a new trial, and I doubt if any such case can be cited.

*Dobson* agt. *Pierce* (12 *N. Y.,* 157) was a case where there

had been no trial, and the defendant had been induced not to defend the original action by the fraudulent representation of the plaintiff. *State of Michigan* agt. *Phœnix Bank* was a case where money had been obtained from the state on false pretense.

In *Truly* agt. *Warner* (5 *How.* [*N. S.*], 141) it was held that the facts did not make out a case for equitable relief. *Abonloff* agt. *Oppenheim* (*Alb. Law Jour., Jan.* 20, 1883) was an action on a foreign judgment. Such a judgment is never conclusive between the parties, but is always open to be attacked for want of jurisdiction in the court rendering it or for fraud in obtaining it. None of the cases cited present the question involved here.

The case of the *United States* agt. *Throckmorton*, where the question arose on a demurrer to the complaint, presents as full discussion as any case of the question under consideration, and the rule is laid down as follows: " The cases in which relief has been granted are those in which, by fraud practiced upon the unsuccessful party, he has been prevented from fully exhibiting his case, by reason of which there has never been a real contest before the court on the subject-matter of the suit."

Apply that rule to this case. What was the subject-matter of the original suit? The complainant informs us that it was " the extent and permanency of Harrold's injuries ; " but the plaintiff cannot say he was prevented from exhibiting his whole case on that issue, as the complaint informs us that that was " the only question litigated by the plaintiff," and it is nowhere claimed that the plaintiff has now any new evidence on that subject. Nor is it claimed that by any act of the defendants he was prevented from introducing all the evidence on that question that he could obtain. He has had his day in court, and must abide the result.

Quoting further from *United States* agt. *Throckmorton*, that learned court say : " When the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception

practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise, or when the defendant never had knowledge of the suit, or when an attorney corruptly sells out his client's interests to the other side, these and similar cases which show there has never been a real contest or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul a former judgment. On the other hand, the doctrine is equally well settled that a court will not set aside a judgment because it was founded on a fraudulent instrument or perjured evidence, or for any matter which was actually tried in the judgment assailed."

As examples of this principle among the cases in this state may be cited *Floyd* agt. *Jackson* (4 *Johns. Ch. R.*, 279); *Huggins* agt. *King* (3 *Barb.*, 316); *Smith* agt. *Lowery* (1 *Johns. Ch. R.* 320).

There is, however, another difficulty with this complaint: In the fourth paragraph it is alleged that on the trial of the former action "the plaintiff admitted in open court that Harrold was a passenger on the train, and was injured." There is no allegation that this admission was procured by fraud, or that it was induced by any act of the defendant's, nor is it alleged that it was not true. Even if it was not true the plaintiff could not now escape its force without showing that it was procured as the result of some fraudulent act on Harrold's part, and that is nowhere claimed or suggested.

It is necessarily implied from this admission that Harrold was entitled to some damages, and consequently to a judgment for some amount in that action, and it follows that the fraud and false swearing which are the corner-stones of this suit do not go to the judgment itself, but only to the excessive damages received. Such a case shows no ground for equitable relief (*Smith* agt. *Lowery*, 1 *Johns. Ch. R.*, 320). Giving to this complaint the most liberal construction possible, it is plain that it presents for the trial the same question that was passed upon by the jury in the former action.

As such it presents no cause of action. At least it asks for

no relief which could not be granted in the original suit and the plaintiff's remedy (if he has any) must lie in a motion for a new trial in the original action.

My conclusion is that as to Harrold it appears from the face of the complaint that the question which the plaintiff seeks to have tried has been conclusively determined in another action between the same parties.

That the facts stated do not make out a case for equitable relief, and that the complaint does not state a cause of action against any of the defendants.

The demurrer is sustained and judgment ordered for the defendants on the demurrer, with costs.