WILLIAM O. DOUGLASS, RESPONDENT, *v.* EDWIN B. LOW, AS GENERAL GUARDIAN, ETC., OF WILLIAM O. DOUGLASS, APPELLANT

*Settlement between guardian and ward — when set aside because of fraud — when a court of equity will set aside a decree entered in a Surrogate's Court.*

In this action, brought by the plaintiff against his former guardian, the complaint alleged that, upon the plaintiff coming of age, March 26, 1879, the defendant represented to him that there was then in his hands, as guardian, $4,363.10 belonging to the plaintiff; that on May 14, 1879, he induced the plaintiff to take an assignment of a note for $3,200, secured by a mortgage upon lands in Illinois, payable in two years from March 29, 1879, which was

executed by the defendant's brother; that the defendant, with intent to defraud the plaintiff, falsely represented that the lands were improved and furnished ample security for the note; that relying upon these representations, which were known to the defendant to be untrue, the plaintiff accepted the note and mortgage; that, upon discovering the falsity of the representations in November, 1880, he informed the defendant thereof, tendered to him an assignment and also a satisfaction of the note and mortgage, and demanded that the receipts and papers delivered by him be canceled, and that the defendant should pay to him the $3,200 and interest, and that the defendant assented to the said demand and agreed to make the said payment. That at the time when the defendant delivered the note and mortgage, the plaintiff was induced to sign, among other papers, a receipt for $3,200, a discharge of the defendant, and an authority to one Ross to appear for the plaintiff before the surrogate; that January 12, 1880, without notice to the plaintiff, the defendant and Ross appeared before the surrogate and procured a discharge to be entered. The plaintiff offered in his complaint to reassign the note and mortgage to the defendant.

*Held,* that the complaint stated facts sufficient to constitute a cause of action, and that a demurrer thereto was properly overruled.

That the fraud, which was admitted by the demurrer, invalidated the settlement. That the plaintiff was not required to make a motion in the Surrogate's Court to have the decree there entered set aside, as the case was one in which a court of equity would set aside a judgment or decree so fraudulently procured.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer interposed to the complaint.

The facts admitted by the demurrer are : that defendant was the general guardian of plaintiff; that plaintiff came of age March 26, 1879; that about May 14, 1879, defendant represented to plaintiff that there was in his hands, as guardian, $4,363.10 ; that at least that amount was actually in defendant's hands, as guardian ; that about that time defendant gave plaintiff a note and mortgage of one Charles W. Low, a brother of defendant, for $3,200 and interest, dated March 29, 1879, payable to plaintiff in two years; the mortgaged lands being in Illinois; that said Charles W. Low was then largely indebted to defendant, and was insolvent; that defendant, with intent to defraud plaintiff, falsely represented that the mortgaged lands, were improved farms and ample security; that plaintiff was ignorant as to the lands, and relied on defendant's statements, and believed them and so accepted the note and mortgage as payment of $3,200 owing him by defendant; that the representations were untrue, and known to be untrue by defendant; that plaintiff discovered the truth as to the lands in November,

1880, and immediately informed defendant and demanded the cancelling of the receipt and papers delivered by him, and the payment of $3,200 and interest; that defendant assented to plaintiff's demands and promised to pay; that plaintiff is willing and offers to assign said note and mortgage to defendant; that at or about the time when defendant delivered the note and mortgage to plaintiff, plaintiff was induced by defendant to sign certain papers prepared by him; among them a receipt for $3,200 and a discharge of defendant; and an authority to James B. Ross to appear for plaintiff before the surrogate and discharge the defendant of liability; that thereupon, on the 12th day of January, 1880, without notice to plaintiff; the defendant and said Ross appeared before the surrogate and a discharge was entered of record (which is set forth at length), said Ross appearing for plaintiff.

*Waldo & Grover*, for the appellant.

*Palmer, Weed, Kellogg & Smith*, for the respondent.

BY THE COURT:

Very little need be said to show that this complaint sets forth a good cause of action.

The defendant insists that there has not been a sufficient rescission of the contract and offer to restore. But the plaintiff avers that he is ready and willing to assign or to cancel the note and mortgage, and that prior to the action he executed an assignment thereof to the defendant, and a satisfaction, and caused the same to be tendered to the defendant. He has done enough in this respect.

Next the defendant says that after he is of age a ward may settle with his guardian. (*Kirby* v. *Taylor*, 6 John. Ch., 242.) All which that case says is that a release given six months after a ward comes of age, freely and without any fraud, is valid. On the contrary, the demurrer admits the fraud in this case. Furthermore, the practice in equity was to allow a ward a year's time to investigate the guardian's accounts; on the ground that when he first comes of age he is still too much under the guardian's influence to protect himself. (*Hylton* v. *Hylton*, 2 Ves., 548; *In re Van Horne*, 7 Paige, 46.)

Next, it is urged that the decree in the Surrogate's Court cannot

be set aside for fraud in this action, and that so long as it stands it is a bar to relief in this court; that a motion should be made in the Surrogate's court. It seems to us that the present is precisely one of those cases in which equity will set aside a judgment or decree. (*Ross* v. *Wood*, 70 N. Y., 8.) There was no trial before the surrogate. The plaintiff by fraud was induced to authorize an attorney to appear for him and to consent to a discharge. It is not that there was false or fraudulent evidence given. It is that the plaintiff was by fraud induced to consent to a decree without any trial. This case is like one where, by fraud, a party is induced to keep away from court; "where the unsuccessful party has been prevented from fully exhibiting his case by fraud, by reason of which there has never been a real contest before the court of the subject-matter of the suit." (*U. S.* v. *Throckmorton*, 98 U. S., 61; *Johnson* v. *Waters*, 111 U. S., 640; S. C., 30 Alb. Law Jour., 373.)

We think it unnecessary to cite further authority.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Judgment affirmed, with costs.