### WILLIAMS et al. v. HUBBELL.

*(Superior Court of Buffalo, General Term.   June 29, 1888.)*

1. CONTRACTS—ACTIONS ON—PLEADING—CONSIDERATION.

   Plaintiffs, in an action for a breach of contract, alleged that they were owners and in possession of certain real estate; that defendant agreed to pay up certain back taxes and claims against the property, and thereafter take security; that defendant further agreed that plaintiffs should have the use of part of the real estate free of expense during the life of one of them; that defendant subsequently by fraud procured a mortgage from plaintiffs on the premises, which he foreclosed; that after foreclosure he dispossessed plaintiffs by a writ of assistance.   *Held*, that the complaint stated no cause of action, because there was no consideration for the alleged contract.     ∘

2. MORTGAGES—FORECLOSURE—ESTOPPEL OF PARTIES TO DENY VALIDITY.

   In such an action, plaintiffs, being parties to the foreclosure proceedings, are estopped from denying their validity.                      ·

On demurrer.

This action was brought by Louisa Williams and Louisa Mitchell against John C. Hubbell for a breach of contract.   Defendant demurred to plaintiffs' complaint.

Argued before BECKWITH, C. J., and HATCH and TITUS, JJ.

*A. M. Thomas*, for plaintiffs.   *Frank Ferguson*, for defendant.

HATCH, J.   The complaint in this action is to recover damages for breach of contract.   The allegations are that the plaintiff Louisa Williams has a dower interest as widow of Ralph Williams, deceased, in certain premises situated in the city of Buffalo, and Louisa Mitchell is the owner in fee of an undivided two-thirds interest of the same premises; that, being such owners and in possession of the premises, defendant entered into an agreement with them whereby he was to transact their business, pay all back taxes then due upon the premises, and all existing claims against the same, for which he was thereafter to take security; that by way of inducement to perform said acts defendant agreed that plaintiffs should reside in and exclusively occupy the upper story of said premises during the life-time of Louisa Williams without cost, rent, or expense to the plaintiffs; that thereafter defendant procured the plaintiffs to execute and deliver to him a mortgage upon the premises; that defendant subsequently caused said mortgage to be foreclosed and obtained a judgment of foreclosure and sale of said premises, he becoming the purchaser, and thereafter obtained a deed; that he subsequently procured to be issued by the court a writ of assistance, and the plaintiffs were removed from the occu-

pancy of said premises. It is upon these allegations that plaintiffs seek to recover damages. The defendant demurs to the complaint, upon the ground that it fails to state facts sufficient to constitute a cause of action.

We think the demurrer must be sustained:

1. For the reason that no consideration is alleged upon which a promise can be based. The p' 'intiffs each had an interest in the premises,—one a dower right, and the other as a part owner in fee. They were in possession. The defendant agreed to take their business in hand. What such business was, is not alleged; and, so far as the complaint gives any information, it was limited to the payment of taxes and claims which existed against the premises. Defendant was also to have security, but in what manner is not pointed out. It is alleged that thereafter he took a mortgage upon the premises, but it is evident that such mortgage was not security for the payment of the taxes and claims, or for the business done, or as consideration for the promise to protect the occupancy, as the allegation is that such mortgage was procured by the fraud of the defendant, and that plaintiffs did not know what they were executing, or that they had executed a mortgage. Defendant then further agrees that plaintiffs may remain in a portion of the premises then occupied by them during the life-time of one. This right they already possessed. It is thus seen that no consideration whatever is alleged as moving from plaintiffs to defendant to support the alleged agreement. In order to uphold this complaint, it would be necessary to hold that, by defendant's agreement to perform service and advance money for plaintiffs' benefit, it imposed upon him the further burden of protecting plaintiffs in the enjoyment and use of a portion of the premises during the life of Louisa Williams. The proposition stated shows its absurdity.

2. The complaint alleges the giving of a mortgage, its subsequent foreclosure and perfecting of title, and possession of the premises by due course of law in the defendant. The plaintiffs were parties to that action. This estops them from questioning the validity of that judgment or the proceedings under it in this action. *Embury* v. *Conner,* 3 N. Y. 511–522; *Lyon* v. *Lyon,* 67 N. Y. 250; *Rawiszer* v. *Hamilton,* 51 How. Pr. 297. Even though the judgment was recovered by fraud and perjury, yet it cannot be questioned collaterally. *Railroad Co.* v. *Harrold,* 65 How. Pr. 89. The complaint is to be taken as a whole in its construction, and as a whole it shows that the plaintiffs were ousted of possession by judgment and writ authorized by law, and so long as as that stands, it must be regarded as conclusive upon their rights. *Calvo* v. *Davies,* 73 N. Y. 211. If the mortgage upon which the judgment is obtained was procured by fraud and is void, it and the judgment under it may be impeached in an equitable action, (*Krekeler* v. *Ritter,* 62 N. Y. 372;) but it is conclusive upon the right of the plaintiffs to maintain this action. The demurrer is sustained, and judgment ordered in favor of the defendant, with costs.

BECKWITH, C. J., and TITUS, J., concur.