Hatch, J.
The complaint in this action is to recover damages for breach of contract. The allegations are that the plaintiff, Louisa Williams, has a dower interest as widow of Ralph Williams, deceased, in certain premises situated in the city of Buffalo, and Louisa Mitchell is the owner in fee of an undivided two-thirds interest of the same premises. That being such owners and in possession of the premises, defendant entered into an agreement with them whereby he was to transact their business, pay all back taxes then due upon the premises, and all existing claims against the same, for which he was thereafter to take security; that by way of inducement to perform said acts, defendant agreed that plaintiff’s should reside in and exclusively occupy the upper story of said premises during the life time of Louisa Williams without cost, rent or expense to the plaintiff’s. That thereafter defendant procured the plaintiffs to execute and deliver to him a mortgage upon the premises: that defendant subsequently caused said mortgage to be foreclosed and obtained a judgment of forclosure and sale of said premises, he becoming the purchaser, and thereafter obtained a deed. That he [subsequently procured to be issued by the court a writ of assistance and the plaintiffs were removed from the occupancy of said premises. It is upon these allegations that plaintiffs seek to recover damages.
The defendant demurs to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. We think the demurer must be sustained, first, for the reason that no consideration is alleged upon which a promise can be based.
The plaintiffs each had an interest in the premises, one a dower right and the other as a part owner in fee, they were in possession, the defendant agreed to take their business in hand, what such business was is not alleged, and so far as the complaint gives any information, it was limited to the payment of taxes and claims which existed against the premises. Defendant was also to have security, but in what manner is not pointed out. It is alleged that thereafter he took a mortgage upon the premises, but it is evident that such mortgage was not security for the payment *387 of the taxes and claims or for the business done, or as consideration for the promise to protect the occupancy, as the allegation is that such mortgage was procured by the fraud of the defendant, and that plaintiffs did not know what they were executing, or that they had executed a mortgage. Defendant then further agrees that plaintiffs may remain in a portion of the premises then occupied by them during the lifetime of one; this right they already possessed. It is thus seen that no consideration whatever is alleged as moving from plaintiffs to defendant to support the alleged agreement. In order to uphold this complaint it would be necessary to hold that by defendant’s agreement to perform service and advance money for plaintiffs’ benefit, it imposed upon him the further burden of protecting plaintiffs in the enjoyment and use of a portion of the premises during the. life of Louisa Williams. The proposition stated shows its absurdity.
Second. The complaint alleges the giving of a mortgage, its subsequent foreclosure and the perfecting of title and possession of the premises by due course of law in the defendant. The plaintiffs were parties to that action. This estops them from questioning the validity of that judgment or the proceedings under it in this action. Embury v. Conner, 3 N. Y., 511, 522; Lyon v. Lyon, 67 id., 250; Rawiszer v. Hamilton, 51 How. Pr., 297.
Even though the judgment was recovered by fraud and perjury, yet it cannot be questioned collaterally. N. Y. C. R. R. Co. v. Harrold, 65 How. Pr., 89.
The complaint is to be taken as a whole in its construction, and as a whole it shows that the plaintiffs were ousted of possession by judgment and writ authorized by law, and so long as that stands, it must be regarded as conclusive upon their rights. Calvo v. Davies, 73 N. Y., 211.
If the mortgage upon which judgment is obtained, was procured by fraud, and is void, it and the judgment under it may be impeached in an equitable action. Krekeler v. Ritter, 62 N. Y., 372.
But it is conclusive upon the rights of the plaintiffs to maintain this action.
The demurrer is sustained and judgment ordered in favor of defendant, with costs.
Beckwith, C. J., and Titus, J., concur.