(23 Misc. Rep. 96.)

SILVERMAN et al. v. DORAN et al.

(Supreme Court, Equity Term, Niagara County. March, 1898.)

1. PLEADING—CONCLUSIONS OF LAW.
   An allegation in a complaint that plaintiffs have no other adequate remedy is a conclusion of law.

2. CONSPIRACY—PLEADING—DAMAGES THE GIST.
   A complaint for conspiracy alleged, inter alia, that defendants obtained a patent from the dominion of Canada by perjury and subornation of perjury in a trial before arbitrators appointed by a Canadian court to decide whether plaintiffs or defendants were entitled to the invention, and averred that defendants had manufactured such invention to the great loss of plaintiffs, and asked damages therefor, but failed to set out in substance the patent laws of Canada. Held, demurrable, since the damages are the gist of an action

of conspiracy, and the complaint fails to show that the patent would have been issued to plaintiffs but for the perjury and conspiracy of defendants.

3. SAME—RIGHT OF ACTION.
　　An award by arbitrators appointed by court, which was in the nature of a judgment, and not reviewable collaterally, cannot be made the basis of an action by plaintiffs therein against defendants therein for damages resulting from defendants' conspiracy in recovering such award, as long as the judgment stands.

Action on the case for conspiracy by William Silverman and others against William L. Doran and others. The complaint was demurred to on the ground of failure to state a cause of action. Sustained.

Ely, Dudley & Cohn, for plaintiffs.
Cary & Wallace, for defendants.

LAUGHLIN, J. The plaintiffs are co-partners in the business of manufacturing and selling suspenders, braces, and garters, at wholesale, in the city of Williamsport, Pa., and one of them, for the benefit of the firm, has, as is alleged, obtained a patent from the United States government on an original invention known as a "grip back," or clasp, designed to be used for securing together the rear ends of the main suspender straps, and also to form a solid and substantial holding for the loop carried by the buttonhole straps, which invention was of great value, and well advertised and known throughout the United States. Defendants are brothers, doing business as co-partners at Niagara Falls, N. Y., and Niagara Falls, in the province of Ontario, and their business consists in manufacturing and selling suspenders. The substance of the remaining allegations of the complaint is that an agent of the plaintiffs exhibited a sample of such suspender clasp to the defendants, or one of them, who thereby, and in December, 1889, became acquainted with the invention; that the defendants fraudulently, wickedly, and wrongfully conceived and put into execution a plan to appropriate the invention, and that thereafter one of them fraudulently and falsely made application to the patent office of the dominion government for a patent thereon, without the knowledge of the plaintiffs, and with knowledge on their part that the plaintiffs were about to apply for a patent thereon in the dominion of Canada; that the application, so made by the defendants to the dominion authorities for a patent, contained false statements to the effect that one of the defendants was the first and original inventor of said improvement; that the application was filed, and that the plaintiff Harris, in behalf of all the plaintiffs, thereafter made application to the patent office of the dominion of Canada for a patent on said invention, and, a conflict having arisen between the two applications thus made, it was referred to arbitrators to decide between the conflicting applications; that one arbitrator was appointed to act for each of the applicants, and one was appointed under a patent act of the dominion of Canada; that the three arbitrators met and heard proofs of the respective claimants, in accordance with the law of the dominion of Canada; that two of the defendants were sworn as witnesses, and that they wickedly, knowingly, and wrongfully testified falsely concerning the material matters, and that

the defendants suborned others as witnesses to testify falsely in regard to the material matters on said hearing, to the effect that one of the defendants had invented and conceived the idea contained in such grip back or clasp, and that he had caused the model or models thereof to be made in or about the months of January and February, 1889, and that dies were procured therefor by the defendants in May, 1889, from one Molloy in West Haven, Conn., and that sales thereof were made by the defendants and their salesmen in July, 1889, and that such grip backs had been made and used by the defendants prior ·to the invention thereof by the plaintiff Harris, all of which testimony so given and procured to be given by the defendants was false, and known to be false both at the time it was given and procured to be given; that the plaintiffs believed that such testimony was false, but were not aware of the conspiracy by which the same was obtained, and have only learned thereof within the year preceding the commencement of this action; that the award of the arbitrators in consequence of such false testimony was adverse to the plaintiffs; that the patent was thereafter issued upon said invention to one of the defendants for the benefit of all; that the defendants have since manufactured and sold such invention under such letters patent, and are using said letters patent as and for their own; that the defendants published and circulated the fact that they were the owners of such letters patent, and, by reason thereof, have been enabled to make large sales of suspenders which they otherwise would not have made, and have thereby prevented large sales by the plaintiffs; that such patent is of great value; that large profits have been and are being realized by the defendants therefrom; that large profits and royalties would have been realized by the plaintiffs from such invention but for the wrongful and fraudulent act of the defendants; that, in committing the acts complained of, they wrongfully, wickedly, and maliciously conspired together to appropriate the said invention and the profits and advantages thereof, and to procure for their benefit a patent thereof by perjury and subornation thereof, to the plaintiffs' damages in the sum of $100,000; and that the plaintiffs have no other or adequate remedy for such wrong.

The patent statutes of the dominion of Canada are not set forth in the complaint, nor is the substance thereof alleged. The patent officials may, under such law, have some discretion with reference to the issuing of such patents, and the court cannot assume that the plaintiffs were entitled, as a matter of law and right, to such patent. The allegation that the plaintiffs have no other adequate remedy is a conclusion. The court is asked to assume that the Canadian officials, having once issued a patent, have no authority to revoke the same, even upon proof that it was procured through a conspiracy, involving fraud and perjury. This is an action on the case for conspiracy, and it seems to be conceded in all the decisions· that the gist of such an action is not the conspiracy, but the damages which the plaintiffs have sustained. In other words, no action lies for a new conspiracy, but the plaintiffs must show that they have lost some property or right, and sustained damages. The plaintiffs have

sustained no damages unless they were entitled, as a matter of law and right, to the patent at the hands of the Canadian government, nor unless they can present a case showing that the patent would have been issued to them but for the fraud, perjury, and conspiracy of the defendants. That necessarily involves a review and rehearing of the questions passed upon by the arbitrators, who were duly appointed under the Canadian law as alleged in the complaint, and heard the proofs of the respective parties, and made their decision in favor of the defendants. While, as before observed, the complaint does not enlighten us to the Canadian patent laws, we may very properly assume from the allegations that the arbitrators were appointed pursuant to such laws, heard all testimony offered by the respective parties, and made a decision; that their decision was in the nature of a judgment, and was a judicial determination of the question which could not be reviewed collaterally by the courts, but only by direct application made to the proper authorities, or by some appeal, if the laws provided for such. There is no difference in principle between this case as thus presented and an action for a conspiracy against persons who have recovered a judgment against a plaintiff upon false and perjured testimony. Upon principle and considerations of public policy, it is manifest that such an action ought not to lie while the judgment stands. Such is the rule of law established by the decisions. 4 Enc. Pl. & Prac. p. 738; Stevens v. Rowe, 59 N. H. 578; Dunlap v. Glidden, 31 Me. 435; Ross v. Wood, 70 N. Y. 11, 12.

An action does not lie, in favor of the defeated party to a litigation, against a witness who gave material testimony upon trial, for perjury or false swearing or fraud in so doing; nor does an action lie against the successful party to a litigation in favor of the defeated party on account of false testimony, or for having suborned witnesses to testify falsely thereon. Smith v. Lewis, 3 Johns. 160; Revis v. Smith, 18 C. B. 126; Bostwick v. Lewis, 2 Day, 447; Verplanck v. Van Buren, 76 N. Y. 259. The plaintiffs' counsel relies entirely upon the case of Verplanck v. Van Buren, supra; but on a most careful consideration of that decision, I am of the opinion that it is clearly distinguishable from the case at bar on the facts. The plaintiff in that case had recovered a judgment of the defendants upon an accounting. After the recovery of such judgment, the plaintiff discovered that, through a fraudulent combination and conspiracy on the part of the defendants, their accounting was false and untrue in one particular, and they had perpetrated a fraud upon the plaintiff by making a false contract and false entries in their books, by which it appeared that the amount due and owing to the plaintiff on account of certain sales was considerably less than the sales were in fact made for, so that they had failed to account in the former action to the plaintiff for a certain specific sum of money concerning which no testimony had been given; and, while this matter might have been litigated had the facts been known, the proof to establish the same in the second action was proof entirely different from that presented in the former action. The damages which, as before observed,

are the gist of an action for conspiracy, were in that case definite and easily determined, and in no manner depended upon the existence or nonexistence of the former judgment.

It follows that the demurrer must be sustained, with costs, and judgment to the effect may be entered, and dismissing the complaint upon the merits, with costs. Ordered accordingly.