Appellate Term, First Department, April, 1927          [Vol. 129

*Chadbourne, Stanchfield & Levy* [*J. Arthur Levy* of counsel], for the appellant.

*Hyman & Hyman* [*Sol. A. Hyman* of counsel], for the respondent.

PER CURIAM.   Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs, upon the ground that plaintiff cannot recover for moneys had and received under a contract which he had breached, particularly as the contract provided for the forfeiture of the very allowance for which plaintiff is suing, he having failed to take delivery of the second truck.

All concur; present, LYDON, LEVY and CRAIN, JJ.

---

MAGDALAN MORGAN, Respondent, *v.* RANSOM S. MORGAN, Appellant.

Supreme Court, Appellate Term, First Department, April 1, 1927.

Witnesses — liability — no action exists in favor of defeated litigant against witness for false swearing or fraud.

In this action for damages arising from defendant's false testimony as a witness in another action, it was error to submit the case to the jury, for no cause of action exists in favor of a defeated litigant against a witness who gives material testimony on a trial for false swearing or fraud in so testifying.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Seventh District, entered on verdict in favor of the plaintiff.

*Manton Marks,* for the appellant.

*Abraham Brekstone,* for the respondent.

PER CURIAM.   The action was brought on two theories: (1) Damages for defendant acting as agent for plaintiff without authority; (2) damages by reason of defendant's false testimony as a witness in another action.   The sole issue submitted to the jury was whether under the second count the plaintiff was entitled to recover.   This was error, for no cause of action exists in favor of a defeated party to a litigation against a witness who gave material testimony on the trial for false swearing or fraud in so testifying. (*Silverman* v. *Doran*, 23 Misc. 96.)   If, however, as claimed in the complaint, in relation to the real property in question the plaintiff was merely a dummy for her husband during the period covered by the making of repairs, the indebtedness for the work done, as between the parties to this action, was that of the defendant, not

of the plaintiff, and she would be entitled to reimbursement for payment of the claim in the former suit.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.