J. B. CLARK, Plaintiff, *v.* PARKE W. PEARSALL, Doing Business under the Assumed Name of MIXTROL OIL COMPANY, Defendant.

Supreme Court, Erie County, September 22, 1931.

*Steele & Schultz* [*Peter A. Schultz* of counsel], for the plaintiff.

*Alger A. Williams*, for the defendant.

HARRIS, J. The above-entitled action was commenced on the 10th day of February, 1930, and a judgment by default was duly entered and docketed on March 11, 1931. The action was brought to recover for goods sold and delivered and for money advanced to the defendant, and so the granting of the judgment established the relation between the plaintiff and the defendant as of creditor and debtor. The litigation herein arose from certain business transactions among the plaintiff and the defendant herein and one Gladys E. Young. Subsequent to the entry of such judgment the defendant herein has brought an action in equity in this court against the plaintiff herein and the said defendant, for the purpose of having it established that the relations among such three persons was a relation of partnership. Such action was referred to the Hon. CHARLES B. WHEELER, an official referee of this court, and on proof being made before the honorable referee of the existence

of the judgment in this action, he held that such judgment was *res adjudicata* of the relationship of the parties herein as of creditor and debtor, and, therefore, not of partnership. The defendant now moves this court for an order to open the judgment taken by default on March 11, 1930, so that he may answer and defend in this action.

From the moving papers this court is warranted in finding that the defendant herein deliberately permitted the judgment in default to be taken against him and did so for the purpose of enabling the plaintiff and defendant herein to evade the just claims of creditors. There is no doubt that if a judgment is obtained through fraud on the judgment debtor, this court has power to open such judgment within any reasonable time. (*Furman* v. *Furman*, 153 N. Y. 309.) But in the case at bar this is not the situation. The judgment debtor herein knew that the judgment was to be taken and knew the circumstances under which it was to be taken, and according to his own admissions connived in such circumstances. This court is, therefore, of the opinion that he is not entitled to have the judgment in default opened, and must deny this application. (*Ross* v. *Wood*, 70 N. Y. 8.)