■ In the Matter of JOHN H. MELISH, Petitioner, against EDWARD G. BAKER, as Justice of the Supreme Court, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, petitioner applies for an order restraining respondents from executing an order dated April 1, 1958 directing that William Howard Melish surrender and deliver to Herman S. Sidener possession, use and control of the rectory of the Church of the Holy Trinity, Brooklyn, New York, and that in default thereof respondent Anderson put said Herman S. Sidener in possession of the rectory together with its appurtenances and furniture. The order was made in aid of the judgment entered in an action against William Howard Melish and others (see *Rector,*

*Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish*, 4 A. D. 2d 256, affd. 3 N Y 2d 476). Application granted, without costs, to the extent of restraining respondents from executing such order in such manner as to interfere with petitioner's present use of the rectory. The judgment which the order purports to effectuate was made in an action to which petitioner was not made a party, and in which there was no claim made against him, and no determination with respect to his claim of right to continue to occupy the rectory. Although it may be true that he has no right which he could defend, as against the plaintiffs in the action in which the order was made, he has the right to assert such possession until he has been removed by due process. Furthermore, it is conceded that William Howard Melish has now removed from the premises. Such being the case there appears to be no occasion for further action in execution of the order, which directed respondent Anderson to put the plaintiff Sidener in possession of the rectory only upon the failure of the defendant William Howard Melish to surrender and deliver such possession. In our opinion, the order applied for may properly be issued. Although the order which petitioner complains of directs no action on his part and is not directed against him, it is quite apparent that if it is executed, petitioner will be evicted from the premises which he presently occupies as the result of a judgment and order made in an action in which the court never acquired jurisdiction to render a personal judgment against him. We recognize that the court has power, on petitioner's application, to reopen the proceedings, and to vacate or modify the order insofar as it affects him. Whether or not such intervention should be permitted rests, however, in discretion (*Brennan* v. *Hall*, 131 N. Y. 160, 168; *Meyer* v. *Title Guar. & Trust Co.*, 228 App. Div. 641) and although the granting or denial of an application to intervene would be subject to review, we are of the opinion that petitioner's remedy by way of application to intervene and for the correction of the order complained of would not be as complete or efficacious as the needs of the situation require. Under such circumstances, although the order applied for does not ordinarily issue where the grievance can be redressed by ordinary proceedings at law or in equity, or to prevent an error which may be corrected on appeal, it may be availed of where the lower court is exceeding its jurisdiction, and the order furnishes a more effective remedy (*Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26). Nolan, P. J., Wenzel and Kleinfeld, JJ., concur; Murphy and Hallinan, JJ., dissent and vote to dismiss the proceeding, with the following memorandum: Possession of the church and rectory by petitioner and his son has been in dispute in and out of court for more than the past 10 years. On April 4, 1949, a certificate under the hand and seal of the Bishop of the Diocese of Long Island was delivered which had the effect of dissolving the pastorate of the petitioner. When petitioner persisted in possession and control of the church and rectory, litigation ensued which resulted in a judgment entered April 25, 1949 (*Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish*, 194 Misc. 1006, affd. 276 App. Div. 1088; appeal dismissed 301 N. Y. 679; cert. denied 340 U. S. 936). It confirmed the decree of the Bishop and *permanently* enjoined petitioner from use of the church and parish buildings. A successor rector found it necessary to proceed in court to oust the son of petitioner who persisted as an assistant minister in staying in the church and rectory. A judgment entered June 27, 1957 (*Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish*, 4 A D 2d 256, affd. 3 N Y 2d 476) declared, without limitation or qualification, Herman S. Sidener to be rector and in control of the church and parish buildings in accordance with Canon 45 of the Canons of the General Church, viz.: " the Rector shall, at all times, be entitled to the use and control of the Church and Parish Buildings with the

appurtenances and furniture thereof." Thus there are outstanding binding adjudications that neither petitioner nor his son is entitled to the use of the church and rectory. The order of assistance pursuant to section 985 of the Civil Practice Act made by the respondent Baker on April 1, 1958 directs the respondent Anderson to put Herman S. Sidener into possession of the rectory. It is in strict conformity with the foregoing provision in the 1957 judgment. Yet it is being set aside as to petitioner as in excess of jurisdiction. It was unnecessary to join petitioner as a party in the action against his son to get still another adjudication that petitioner has no right to use the rectory. If petitioner was prejudiced by the provision in the 1957 judgment and did have a right to contest its efficacy, despite the outstanding adverse adjudication, he should have moved to intervene and to modify it or, at least, to vacate the writ of assistance (*Meiggs* v. *Willis*, 8 N. Y. Civ. Pro. Rep. 125; *Rawiszer* v. *Hamilton*, 51 How. Prac. 297; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 393, 394; *People ex rel. Hirschberg* v. *Supreme Ct.*, 259 App. Div. 890). But whatever the form of remedy available to him, it was incumbent upon petitioner to make a meritorious showing. He shows no merit. He invokes a 1951 resolution by the vestrymen granting him use of the rectory. The resolution is worthless as violative of the decrees of the Bishop, of the status of Herman S. Sidener under the Canon Law and of the provisions of subdivisions 1 and 2 of section 12 of the Religious Corporations Law which prohibit, without consent of the Bishop, any leasing of property for more than five years. For failure to pursue his proper remedy and for lack of standing to contest the right of the rector to possession of the rectory, the proceeding should be dismissed.