## PEASE versus WHITTEN.

A judgment rendered upon a report of referees, who have adjudicated matters legally submitted to their determination, is equally valid as when founded upon a verdict.

The merits of a judgment can never be impeached in a counter action by the judgment debtor, either directly or collaterally.

Where it was submitted to referees to determine the validity of a title to real estate which the defendant was to make to the plaintiff, and that, if they should adjudge the title to be perfect, they should award a just compensation therefor, and they adjudged the title good, and awarded the compensation for it, no action lies by the grantee against the grantor to recover for money afterwards paid by him to extinguish an outstanding incumbrance, not known to the referees.

ASSUMPSIT for money paid and for money had.

The case came from the District Court upon a report of several legal questions.

The argument, which was by

*Jameson*, for the plaintiff, and by

*McIntyre*, for the defendant, is omitted, as it was devoted principally to points which the court did not find it necessary to decide.

TENNEY, J. — The parties to this suit entered into a written agreement, in Sept. 1846, to refer to certain persons an action pending between them in the Supreme Judicial Court in this county, and all claims and demands between them in law or in equity ; and it was agreed that the defendant should perfect the title to the plaintiff in the late homestead and upper farms of the defendant in Parsonsfield, a part of which he had conveyed to the plaintiff, so that the plaintiff should have a good title to the whole of said farms, free from attachments and other incumbrances, to the satisfaction of the referees. And they were to allow to the defendant a suitable consideration therefor, in their award upon that and other matters in the submission specified ; and to adjudicate upon all conveyances between the parties, and any mortgages of the defendant, purchased by and assigned to the plaintiff, and the consid-

eration expressed therein and paid for the same, so as to do substantial justice and equity.

The parties were heard by the referees, who made their report, stating therein, " and after the said Whitten had perfected the title of said Pease, as provided in said·rule, we have agreed to report and do report that the said Whitten shall recover of said Pease the sum of thirteen hundred dollars and eighty-four cents, debt or damage, and costs of court and of reference, &c., and this is in full of all matters and things referred to us by the annexed rule." This report was accepted and judgment entered thereon. Subsequently, on March 25, 1848, the plaintiff paid certain taxes assessed against the defendant in the town of Parsonsfield, in the years 1842 and 1843, upon the land where he lived, under the impression that said taxes were an incumbrance ; which taxes were not known to the referees at the time of the hearing before them, and consequently, not considered in making up the award.

The first question submitted to us, is whether this action, which is assumpsit for money had and received, and for money paid, laid out and expended, can be sustained under the agreement between the parties, to refer the suit pending in this court, in September, 1846.

The merits of a judgment can never be impeached or questioned in a counter action, by the judgment debtor, either directly or collaterally. *Whitcomb* v. *Williams,* 4 Pick. 228 ; *Weeks* v. *Thomas,* 21 Maine, 465.

A judgment upon a report of referees, who adjudicated matters legally submitted to their determination, is equally valid as when founded upon a verdict of a jury.

By the contract of submission, in the case at bar, the defendant was bound to make a perfect title to the plaintiff in the estate referred to therein. The referees were empowered by the parties in that contract to determine, whether that title was made perfect. After this should be shown to their satisfaction, they were authorized, by the submission, to consider and adjudicate upon other matters between the parties. To

entitle the defendant to an award in his favor, for claims pre-
ferred by him against the plaintiff within the scope of their
agreement, it was required that the title of the plaintiff should
be perfect, in the judgment of the referees.   Upon this point,
the defendant would be expected to adduce the evidence of
title to the referees.   At the same time, the plaintiff had an
opportunity of showing the existence of attachments and
other incumbrances; and generally any defect of title in him-
self.   Whether the title of the plaintiff was defective or other-
wise, was an issue distinctly and fully raised by the submis-
sion.   It was before that tribunal alone, mutually chosen by
the parties, that the question of title was to be submitted.
In pursuance of the agreement, that question was heard by
the referees, and their judgment was, that the defendant had
perfected that title in the plaintiff as provided in the rule ; they
made report accordingly and judgment was rendered thereon.
In the judgment, the finding the title perfect in the plaintiff
was an essential element.   It was the basis of the award of a
sum in damages in favor of the defendant.   If evidence had
been offered before the referees, that the taxes against the
defendant were outstanding and unpaid, it was for them to
determine whether or not, under all the facts they constitut-
ed an incumbrance ; if they should consider that it was an
incumbrance, the defendant might have removed it by dis-
charging the taxes in season for the referees to proceed further
under the submission.   How far the discharge of them would
affect the damages to be awarded to the defendant, cannot now
be known, and it is entirely unimportant that the inquiry
should now be made.

The present action can be maintained only upon the ground,
that the judgment of the referees was erroneous on the issue
of title ; not upon the facts as they were exhibited in evidence
before them, but as actually existing.   If the title was really
perfect, as the referees found, the plaintiff does not contend that
he has a valid claim against the defendant.   If the unpaid
taxes were in fact an incumbrance upon the land, the case
shows, that this was not made known to the referees.   It

might have been material evidence for the plaintiff upon that point, and he could have presented it. It was omitted, and the referees decided the point upon such proof as was offered. The judgment was rendered upon a report when all matters submitted were heard ; and determined by the evidence which the parties chose to introduce. The most that can be said for the plaintiff is, that in the report, which was the foundation of the judgment, a sum of money was awarded to the defendant, larger than it would have been, if the plaintiff had presented the same evidence, which he now relies upon in support of the present action. The judgment is conclusive as long as it remains. It cannot be affected in any manner, by the evidence relied upon by the plaintiff. To give it effect in the mode attempted, would be a substantial impeachment of this judgment, although the evidence is offered in support of another action.

The question which we have examined has been considered upon the hypothesis, that the taxes paid by the plaintiff were legally assessed and constituted an incumbrance upon the land ; and that this incumbrance was not made known to the referees at any time before they made their report. Whether the taxes were an incumbrance or not, no opinion is given.

*Judgment for the defendant.*