THE WHITE WATER VALLEY CANAL COMPANY *v.* HENDERSON.

$\begin{array}{cc} 3 & 3 \\ \hline 154 & 379 \end{array}$

Process returnable at a day fixed by law, is deemed and taken to be returnable at such day, by enactment of the R. S. 1843, although a different day may be named in the process.

One of several material facts averred in a plea may properly be traversed by the replication.

By the provisions of the charter of the *White Water Valley Canal Company*, and also by the general statute, the award upon which this suit was brought was in the nature of a judgment of a justice of the peace, and, not having been appealed from, is conclusive.

The discovery of evidence unknown to a party at the time of a former trial, cannot be made the basis of a good plea in a collateral suit.

The fraudulent concealment by a party to an arbitration, of a fact material to the defense of the adverse party, cannot be pleaded by the latter as a valid defense to an action at law by the former upon the award.

Nov. Term, 1851.

THE WHITE WATER VALLEY CANAL COMPANY.
v.
HENDERSON.

Monday, November 24.

An award is sufficient, under the R. S. 1843, if signed by a majority of the arbitrators.

In an action against the *White Water Valley Canal Company* upon an award of damages for injury done by the latter to the plaintiff by entering upon his land and taking materials for the construction of the canal, the defendant offered to prove, as an offset to the damages claimed by the plaintiff, that, at the time of committing the injuries complained of, the premises were the real estate of one *J.*, who was the owner of a large tract of land of which said premises were a part, and that the arbitrators, in determining upon their award, refused to take into account the benefits and advantages to the whole of said tract, while owned by *J.*, resulting from the construction of the canal. *Held*, that the Circuit Court properly rejected the evidence.

ERROR to the *Fayette* Circuit Court.

SMITH, J.—This was an action of debt brought by the defendant in error against the plaintiff in error.

The declaration alleges that differences having arisen between the parties relative to certain lands and materials taken by the canal company for the construction of their canal, the plaintiff, on the 6th of *February*, 1845, selected one *Hyatt* as an arbitrator on his part, and the defendant selected one *Clements*, and those two selected one *Masters* as the third arbitrator, for the purpose of arbitrating said differences, pursuant to the act of incorporation of 1842 (1); that said arbitrators, on said day last named, made and published their award in writing, signed by two of said arbitrators, awarding the plaintiff 2,000 dollars; which said award was, on the 21st of *February*, 1845, duly reported to the secretary of said company; that said sum so awarded had not been paid, &c.

At the first term of the Court after the declaration was filed, the parties appeared and the defendant moved the Court to quash the writ of summons issued in the case, because it was made returnable on the first *Monday* of *April*, 1849, when, in fact, the term of the Court to which it should have been made returnable began on the second *Monday* in *April*, 1849. This motion was overruled.

The defendant then filed three pleas.

The first plea avers that, on the 15th of *June*, 1835, one *Jenks*, pursuant to the 14th section of the canal act of *February* 6th, 1835, released to one *Morgan*, a commis-

Nov. Term,
1851.

THE WHITE
WATER VAL-
LEY CANAL
COMPANY
v.
HENDERSON.

sioner of the state, the right of way for the canal through all the lands owned by him in *Franklin* county, and all damages to said lands; that said deed of release was duly filed in the office of the secretary of state previous to the succeeding session of the legislature. It is then averred that the lands for which damages were awarded to the plaintiff, at the time of the execution of the release, belonged to *Jenks*, and were situated in *Franklin* county; that the plaintiff is the grantee of said *Jenks*, and that the defendant had no knowledge of that fact at the time of the arbitration nor until after the time prescribed for taking an appeal therefrom; and that the defendant had no knowledge, until long after the time for taking an appeal had elapsed, of the existence of said deed of release, it having been lost or mislaid by the secretary of state in his office; and that its execution and existence were fraudulently concealed by the plaintiff and *Jenks* from the defendant, wherefore it could not be set up as a defense at the arbitration, although the defendant had used reasonable diligence to ascertain its existence.

The second plea is similar to the first, except that it simply avers that the defendant had no knowledge of the deed of release until after the time for taking an appeal from the award had passed, and omits the averments that it had been lost or mislaid and that the plaintiff had fraudulently concealed the fact of its existence.

The third plea craved oyer of the submission and award referred to in the declaration, and the same being set out, it appeared to have been signed by *Hyatt* and *Masters*, and that *Clements* protested against it "as unjust," and thereupon the defendant said "he does not owe and is not indebted to the plaintiff in manner and form as alleged," concluding to the country.

The plaintiff craved oyer of the release averred in the first plea, and it being read to him, he denied that its existence was fraudulently concealed from the defendant by the plaintiff and *Jenks*.

The plaintiff demurred to the second plea, and added the similiter to the issue tendered by the third plea.

Nov. Term,
1851.

THE WHITE
WATER VAL-
LEY CANAL
COMPANY
v.
HENDERSON.

The defendant demurred to the replication to the first plea.

The Court overruled the demurrer to the replication, and sustained the demurrer to the second plea.

The cause was then submitted to the Court upon the issue made by the third plea, which was found for the plaintiff. Judgment was thereupon rendered for 2,000 dollars, the amount of the award, and 561 dollars and 66 cents damages for the detention of the debt from *February* 6th, 1845.

Upon the trial of the cause, the plaintiff offered in evidence the report and award of the arbitrators, to the sufficiency of which to sustain the plaintiff's action the defendant objected, but the objection was overruled.

The defendant offered to prove that, at the time of committing the supposed injuries to the plaintiff, the premises injured were the real estate of *Samuel Jenks*, who was the owner of a large tract of land of which the said premises were part and parcel; and that the arbitrators refused to take into account, in assessing their award, the benefits and advantages to the said *Jenks* resulting from the construction of the canal to the whole of his said lands, of which this was parcel, as an offset to the damages claimed by the plaintiff; which evidence the Court refused to admit.

The first error assigned is the overruling of the defendant's motion to quash the writ of summons. By the 25th section of chapter 40, R. S. 1843, p. 674, all writs of summons must be made returnable on the first day of the next term; and by the 13th section of the 36th chapter, p. 624, it is enacted that all process returnable at a day fixed by law, shall be deemed and taken to be returnable at such day, although a different day may be named in such process. The defect in the writ issued in this case is, therefore, cured by the statute.

The second and third errors assigned are, that the Court erred in overruling the demurrer to the replication to the first plea, and in sustaining the demurrer to the second plea.

The replication denies that the existence of the release mentioned in the plea was fraudulently concealed from the defendant. If the averment in the plea, that the release was fraudulently and collusively concealed from the defendant, was material and necessary, it was, of course, competent for the plaintiff to traverse it. The second plea is without that averment and is, we think, clearly bad.

Under the statutory provisions contained in the charter of the plaintiff in error, and in the general law relative to awards, the award of the arbitrators in this case stood in the nature of a judgment of a justice of the peace, and was conclusive if not appealed from. See case between the same parties in 8 Blackf. 528; *Parker* and *Helm* v. *Henderson*, Ind. R. 28 (2); R. S. 1843, c. 44, p. 786. The second plea is in effect, that since the award was made the defendant has discovered evidence which might have produced a different result if it had been before the arbitrators, but of the existence of which the defendant was ignorant until after the time within which an appeal could be taken had elapsed. The discovery of evidence which was unknown to a party at the time of a former trial, may afford grounds for a motion, or a bill in chancery to obtain a new trial, but it certainly cannot be made the basis of a good plea in a collateral suit.

The first plea differs from the second only in the averment that the facts, the discovery of which are so pleaded, were fraudulently concealed from the defendant by the plaintiff at the time the case was before the arbitrators. It is unnecessary now to decide whether this averment adds anything to the sufficiency of the plea, though we are of opinion that it does not. It has been heretofore decided by this Court, that, in an action on a judgment, a plea that the judgment was obtained by fraud is insufficient—*Hutton* v. *Denton*, *November* term, 1850 (3)—and also, that, in an action on an award, the award cannot be impeached for misconduct of the arbitrators. The proper remedy in either case is by bill in chancery to

Nov. Term, 1851.

have the judgment or award set aside. *Hough* v. *Beard*, 8 Blackf. 158.—*Elliott* v. *Adams*, id. 103.

The next error assigned is the refusal of the Court to sustain the defendant's objection to the admission of the award in evidence. The ground of objection is, that it was signed by two of the arbitrators only. We think this objection is answered by reference to the statute, which authorizes awards to be signed by a majority of the arbitrators. (4.)

The only other question raised by the plaintiff in error is in reference to the rejection of the parol evidence offered as a defense on the trial of the issue submitted. We think, for reasons already given, that evidence was rightly excluded.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. Rariden*, for the plaintiffs.

*J. D. Howland*, for the defendant.

