STEPHEN TORREY *vs.* FRANK H. POND & others.

A decree, on a bill in equity filed by the executor of a will against residuary legatees to determine their distributive shares, fixing the amount of the advancement to a legatee and the amount of his distributive share, is conclusive evidence of such amounts in a suit for partition of real estate devised to them by the same will.

PETITION to the superior court for partition of land in Mendon between the petitioner and Frank H. Pond, Charles H. Pond, Harry L. Nelson and Mary H. Nelson. Trial before *Brigham*, C. J., who reported the case substantially as follows:

The parties claimed title to the premises under the will of Mary M. Hayward, which was proved and allowed on September 3, 1861, and after giving certain legacies provided thus: " I give and bequeath all the rest and residue of my estate, both real and personal, to be divided as follows, viz: One third part thereof to my son Seth H. Hayward, he to receive as a portion of this bequest all the notes, securities and demands I may hold against him at my decease; and one third thereof to my daughter Anna H. H. Hayward; and the remaining third part thereof to my grandsons, Frank H. Pond and Charles H. Pond, they to receive as a portion of this bequest all the notes, securities and demands which I may hold against their father, Eli Pond, Jr. Said Frank H. Pond and Charles H. Pond to have equal shares in this bequest." John G. Metcalf was appointed sole executor of the will, accepted that trust, and settled the estate. The petitioner held the title that Seth H. Hayward had, and Harry L. Nelson and Mary H. Nelson were the children and heirs of Anna H. H. Hayward, who subsequently to the date of the will had married Thomas L. Nelson and deceased.

Mary M. Hayward died seised and possessed of the land of which partition was sought, and also of other real estate situate elsewhere within the Commonwealth, besides a large amount of personal estate more than sufficient to pay all debts and charges of administration.

" At April term 1864 of the supreme judicial court, the executor filed his bill in equity, in which all the parties to this petition

or those under whom they claim, were made parties, for the pur-
pose of obtaining a judicial decision as to the rights of the sev-
eral legatees in the will, in the distribution of the personal estate
of the testatrix under the provisions of the will.   And, after due
proceedings, a decree was entered at said term by consent, that
the notes, securities and demands held by the testatrix, at her
decease, against Seth H. Hayward amounted to $6579.97 ; that
the notes, securities and demands held by the testatrix, at her
decease, against Eli Pond, Jr., after deducting therefrom certain
set-offs, amounted to $2883.03 ; that the case be referred to a
master to take an account of the funds in the hands of the
plaintiff, and that the plaintiff's costs and certain expenses be
paid out of the funds.   The parties having filed an agreement
in lieu of a master's report, the following decree was entered
November 20, 1865 : ' It appearing, by the agreement of the par-
ties on file, that the personal estate in the hands of the plaintiff,
subject to the trust set forth in the original bill, inclusive of the
notes, securities and demands held by the testatrix against Seth
H. Hayward and Eli Pond, Jr., respectively, as fixed by the
former decree and after deducting all costs and other expenses
directed by said former decree to be paid therefrom, amounts to
$17,272.41 ; and a reference to a master having been waived; it
is now, with the consent of all the parties interested and by
the consideration of the court, ordered, adjudged and decreed
that the personal estate aforesaid be distributed among the
various parties entitled thereto in manner following, viz: to
Samuel D. Torrey, administrator of the estate of Anna H. H.
Nelson, $5346.22; to Frank H. Pond and Charles H. Pond,
in equal shares, $5346.22, the said Charles H. and Frank H. to
receive, as part thereof, the notes, securities and demands afore-
said held by the testatrix against Eli Pond, Jr., amounting, as
fixed by said former decree, to $2883.03; to Seth H. Hayward
the notes, securities and demands aforesaid held by the testa-
trix against him, amounting, as fixed by said former decree, to
$6579.97.   And the said plaintiff is ordered to make distribu
tion of said personal estate among the parties in the manner
above directed.' "

The petitioner contended that it was open to him to show that the notes, securities and demands held by the testatrix, at her decease, against Seth H. Hayward, amounted to less than $6579.97.

" The questions submitted to the decision of the court are, whether any, and, if any, what part of the indebtedness of Seth H. Hayward to the estate of the testatrix should, under the provisions of the will, and said decrees and proceedings in equity, be deducted from the real estate, and if so, whether it should be deducted wholly from these premises or *pro rata* from the other real estate in the Commonwealth similarly devised to the same parties. By consent of the parties, the questions of law raised upon the foregoing statement are reserved before verdict for the consideration of the supreme judicial court."

*F. Deane*, for the petitioner.

*T. L. Nelson*, for the respondents.

WELLS, J. By the will, " all the notes, securities and demands," held by the testatrix at her decease, against Seth H. Hayward, were to be received as a portion of the bequest to him. That bequest was of one third part of " all the rest and residue" of her estate, both real and personal. The terms of the gift required an adjustment of the estate like that provided in case of advancements in intestate estates. *Bacon* v. *Gassett*, 13 Allen, 334.

" Questions concerning advancements of either party may be heard and determined upon a petition for partition; or the court may suspend proceedings until that question is decided in the probate court." When so decided, the decree " shall be binding on all parties interested, whether the partition is made by the probate court or in the courts of common law." Gen. Sts. c. 136, § 66.

In this case the question has been decided by a more formal proceeding; namely, a bill in equity in this court. It is true, the main purpose of that bill was to effect a distribution of the personal estate. But for that purpose it was necessary to settle all questions of deduction in the nature of advancements; and they were so settled. This suit is between the same parties or

their privies.   The question is the same, and depends' upon the same state of facts.   The decree in that case established the fact that the demands against Seth H. Hayward, " held by the testatrix at her decease," amounted to $6579.97; and that they exceeded his share of the personal estate by the sum of $1233.75 The parties are concluded by this decree; and the petitioner can- not now go behind it, to show the facts upon which he relies to impeach its correctness.   The statute provides, in case such an excess of advancements is found against any heir, that " he shall not refund any part of it, but shall receive so much less out of the other part of the estate as will make his whole share equal" to those of the others entitled to like shares.   Gen. Sts. c. 91, § 7.

The excess of demands against Seth H. Hayward, as found by the decree upon the bill in equity, must be deducted from his share of the real estate.   Whether the whole should be allowed upon the partition sought by this petition, or only a part cor- responding to the value of these premises compared with the whole amount of real estate similarly devised, we cannot deter- mine upon the case presented here.   If the petitioner seeks an apportionment, it would seem to be necessary that he should make those who are interested in the other real estate parties to the proceedings; unless the amount to be deducted in this suit shall be agreed upon by the parties thereto.

*Ordered accordingly.*