### WRIGHT v. MILLER et al.

(Supreme Court, General Term, Second Department. February 13, 1893.)

RES JUDICATA.
    Where, in partition, a trustee of the property files a complaint to charge the share of one of the parties with money alleged to have been advanced him, and the claim is decided against the trustee, he cannot thereafter maintain an action to charge the party's share of the proceeds, though in the latter case a special agreement to charge the share with the advance is alleged, which was not alleged in the former.

Appeal from special term, Queens county.

Action by Benjamin Wright against David Miller and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

D. Edgar Anthony, for appellant.

Samuel Keeler, for respondent Miller.

F. P. Bellamy and James B. Lockwood, for other respondents.

BARNARD, P. J. The plaintiff was a trustee under the last will and testament of Elizabeth Ann Wright. The trust ceased in 1871,

upon the death of Hannah E. Ryerson, and the land included in the trust became vested in the heirs at law of Hannah E. Ryerson.   Charles E. Miller was one of those heirs.   The plaintiff continued to collect the rents.   In 1876 Charles E. Miller, who owned one third of the property, sold to his son his interest, reserving a life estate therein to himself. Charles E. Miller died in 1884.   Before his death there was pending a partition action, and after his death all his heirs at law were brought in. The original complaint contained an averment that the plaintiff had advanced to Charles E. Miller, in his lifetime, two sums of money,— $14.35 and $50; and the plaintiff asked that these amounts should be paid out of the share of Charles E. Miller in the proceeds of sale.   This claim was disputed, tried, and decided against the plaintiff.   He then instituted this action to charge the amount so advanced upon his proceeds of sale in the referee's hands, and after proving the advancement, and giving proof tending to show that there was an agreement to so charge the same, made by Charles E. Miller in his lifetime, the complaint was dismissed, upon the ground that the question had been finally settled in the partition action.   The partition action made no averment of a special agreement to charge the share with the advance.   The present action does.   The decision in the partition action is final.   It refers to the same items.   It sought to charge the share in the land in one case, and the money, the proceeds of the sale of the land, in the present case.   The plaintiff made his own issue in the partition action, and was defeated. The addition of the promise in the second action does not change the rule. The promise, if there was one, was involved in the issue in the partition action; and, if it was not actually litigated, it might have been.   The decision dismissing the complaint is supported by the authorities. Pray v. Hegeman, 98 N. Y. 351; Manufacturing Co. v. Walker, 114 N. Y. 7, 20 N. E. Rep. 625.

The judgment should be affirmed, with costs.   All concur.