OBED M. RICE, Appellant, *v.* CHARLES A. BRUFF, Respondent.

87h 511
64ad197

*A judgment procured by fraud is a nullity — actual fraud, not chargeable to the judgment debtor's negligence, must be shown.*

A judgment procured by fraud may be attacked collaterally as well as directly, and if it appears to have been so procured it will be treated as a nullity.

To justify its being so treated the fraud must be actual and positive; it must occur in the very procuring of the judgment and must be something not known to the opposite party at the time, and for not knowing which he is not chargeable with negligence.

What facts are insufficient to impeach a judgment (against plaintiff and in favor of a third person by whom it was assigned to the defendant and by the latter set up by way of counterclaim) as fraudulent on the ground that the plaintiff was induced to bring the action, in which such judgment was recovered against him, by the false representations of the defendant, considered.

APPEAL by the plaintiff, Obed M. Rice, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 23d day of February, 1895, upon the verdict of a jury rendered by direction of the court.

This action was brought to recover double commissions, amounting to $524.50, on a sale of real property alleged to have made through the procurement of a purchaser by the plaintiff at the defendant's request.

The plaintiff by his complaint alleges that Jacob K. Post was, at the time in question, the owner of the premises referred to; that they were managed and controlled by the defendant, who entered into an agreement with the plaintiff to pay him double commissions on his procuring a purchaser for the premises; that the plaintiff procured a purchaser, and that a contract of sale and afterwards a deed of conveyance by Post were executed to the person so procured by

the plaintiff, and that such double commissions amounted to $524.50, for which amount he demanded judgment.

The defendant, by his answer, alleged payment of $264.50 to the plaintiff, and, by way of counterclaim, alleged the recovery of a judgment by Post against the plaintiff in the Monroe County Court for $234.82 September 20, 1894, and the assignment of it to the defendant.

The plaintiff, in reply to the counterclaim, admits the recovery of the judgment, which was for costs in an action brought by the plaintiff against Post, and alleged that the plaintiff was induced to bring the action against Post by the representations of the defendant that Post was the owner of the premises and the real party in interest, for whose benefit such sale had been made, and that the defendant acted as his agent in the matter, and that such representations were false, etc.

A verdict was directed for the plaintiff for fifty-eight dollars, and as that did not exceed the amount of an offer of judgment made by the defendant the latter had the benefit of his costs accruing subsequent to the time of the offer.

The plaintiff's recovery was thereby reduced to twenty-seven dollars and fifty-three cents.

*Herbert J. Stull*, for the appellant.

*Marsenus H. Briggs*, for the respondent.

Bradley, J.:

The defendant admitted at the trial that the double commissions amounted to $524.50.

By the judgment record in the action of the plaintiff against Post it appeared that the plaintiff there in his complaint alleged that, pursuant to agreement, he procured the purchaser of the premises then owned by defendant Post at the stipulated compensation of double commissions, which amounted to that sum, " of which sum defendant has paid the sum of $264.50, leaving still due and owing to plaintiff the sum of $260, which plaintiff has demanded of defendant (Post) and which defendant has refused to pay," and he demanded judgment for $260 and interest; that by the answer the defendant Post admitted that he was such owner of

the premises, denied upon information and belief that double commissions amounted to $524.50, admitted that he had paid the plaintiff $264.50 thereon; that he had refused to pay any more, and denied all allegations of the complaint not admitted or denied; that the plaintiff was nonsuited on the trial of that action, and judgment was finally perfected against the plaintiff for $234.82, costs. This judgment was assigned by Post to the defendant.

The verdict directed for the plaintiff was produced by deduction from $524.30 and interest of the sums $264.50 and $234.82.

It appears that the plaintiff had occupied the premises as tenant, and that at the time he earned the commissions there was due from him $264.50 for rent. This was treated at the trial as having been applied as a payment upon his claim for such commissions. The defendant testified that in October, 1892, in an interview with the plaintiff, he presented a bill for the rent to the latter, who said he would accept it on account of the commissions, and that in making out his bill the plaintiff allowed the rent on the account, and that afterwards the defendant left with the plaintiff a receipted bill for it. The plaintiff testified that no receipt for the rent was given him by the defendant. He does not deny by his evidence that it was in fact applied upon his claim for commissions, and by the evidence it quite conclusively appears that it was treated by all the parties as having been so applied.

Before the commencement of his action against Post the plaintiff caused to be written and sent by his attorney to the defendant a letter addressed to him, in which the attorney stated that the plaintiff had placed in his hands for collection " a claim for commissions on the sale of property in which he alleges you were interested, amounting to $260, being the amount unpaid on a total claim of $524.50."

In his action thereafter brought by the plaintiff against Post, as has been seen, he alleged in his complaint that he had been paid the sum of $264.50 on the claim. This was admitted by the answer of Post as defendant. In view of all this evidence of payment, and there is none to the contrary, it is difficult to see any reasonable ground for escape from the conclusion on the trial that such payment should be treated as having been made and applied upon the

plaintiff's claim.  His statement that his willingness to have it so applied was the reason of his so alleging, does not seem to qualify the fact which the evidence established.  The court was justified in withholding from the jury the question of payment.  If it had done otherwise, a verdict to the contrary would have been so against evidence as to require the direction of a new trial.

It is urged on the part of the plaintiff that evidence which was offered to prove that the Post judgment was the result of fraud practiced by the defendant upon the plaintiff was erroneously excluded.  This charge is founded upon the letter of the defendant's attorney in answer to that before mentioned.  In that letter of date 27th of January, 1893, reference is made to the plaintiff's letter of the day previous, and then is added that Mr. Bruff denied having made any arrangement to pay commissions in excess of $260, and that such sum was "paid by offsetting a claim which the owner of the property sold, to wit, Mr. Post, had against Mr. Rice for rent.  Mr. Post is the real party for whom the building was sold, and he claims he paid all the commissions which was due Mr. Rice, and all which Mr. Bruff agreed should be paid."

It is asserted on the part of the plaintiff that he was induced by the statements in that letter to bring the suit against Post.  The plaintiff's counsel, in pursuing the subject on that basis, asked the defendant, as a witness, the question : Is it not a fact that you and Willis owned this building together?  And he asked Post, as a witness, the following questions : Were you at any time during the year 1892 the owner of the building?  Had you at that time anything more than the record title to the building?  Were you the real party for whom it was sold?  Did you ever claim any amount due you for rent from Mr. Rice for its occupancy?  Did you retain counsel to defend the action of Rice against you or pay anything for the defense of it to anybody?  Was there any consideration for the assignment of the judgment to Bruff?  Did you know who were the owners of the building?  Objection following each of these questions was sustained, the evidence excluded and exception taken.

While the business management of the property was conducted by the defendant the legal title appears to have been in Post.  The plaintiff not only in his complaint in the action against Post, but in

that in the present action alleged that Mr. Post was the owner of the property. If the purpose was to prove that Bruff was beneficially interested in the title to the property it could not be proved by oral evidence. Nor was it important to prove whether or not Post personally claimed any amount of rent due him from the plaintiff. If, however, there was any basis to support the charge as against Bruff that the judgment was obtained by fraud and, therefore, ineffectual, it would have been proper to prove that the action against Post was, in fact, defended by Bruff. But it is not seen how what did appear, together with ·that which the plaintiff sought to prove, would tend to render the Post judgment invalid on that ground.

It is the general rule that a judgment obtained by fraud may be for that reason attacked collaterally as well as directly, and if it appears to have been so procured will be treated as a nullity. The fraud which supports such relief is deemed to have been perpetrated upon the court as well as upon the party defrauded or injured by its recovery. (*Dobson* v. *Pearce*, 12 N. Y. 156; *Mandeville* v. *Reynolds*, 68 id. 528; *Verplanck* v. *Van Buren*, 76 id. 247; *Ward* v. *Town of Southfield*, 102 id. 287.) But as said in *Ross* v. *Wood* (70 N. Y. 8) the fraud must be actual and positive. "It must be that which occurs in the very concoction or procuring of the judgment or decree and something not known to the opposite party at the time, and for not knowing which he is not chargeable with negligence." It does not appear nor did the plaintiff offer to prove what ground or for what reason he was nonsuited on the trial of his action against Post. It must be assumed that as to Post the judgment was duly recovered. The reason why this action was not barred by the Post judgment appears in the fact of record that it was not determined on the merits but by nonsuit. And he comes into court in the present action, alleging by his complaint, that during the time when the rent accrued Post owned the premises, but that they were controlled and managed by the defendant, and that he promised in his own name and behalf to pay the plaintiff the double commissions, etc. The allegations upon which the plaintiff sought to recover in this action are not inconsistent with the statements of the defendant in his letter referred to; while he stated that Post owned the property, he may not have disclosed the

fact when he made the arrangement with the plaintiff to procure a purchaser, and, therefore, he may have made himself personally liable. This the plaintiff knew when he brought his first action. So far as appears, therefore, no fraudulent inducement to sue Post could arise out of the statements in the letter. Then the defendant did not by anything in such letter advise or request the plaintiff to bring suit against Post, nor did he there assert that he (defendant) did not by the agreement become personally liable to pay whatever the plaintiff was entitled to recover by virtue of it.

It follows that in any view presented at the trial there was nothing in the letter written for the defendant upon which the imputation of fraud could rest for the purpose of impeaching the judgment as invalid in the hands of the defendant as assignee of it.

The judgment should be affirmed.

LEWIS and WARD, JJ., concurred; WERNER, J., not voting.

Judgment affirmed.