JAMES A. BAKER, Respondent, *v.* ALBERT B. BYRN and MARCUS L. BYRN, Appellants.

*Fraudulent assignment of a mortgage and foreclosure judgment — nothing is conclusive which is obtained by fraud — complaint in an action to set aside a mortgage assignment and judgment, when sufficient.*

Nothing is conclusive in law which is procured by fraud, as fraud vitiates everything into which it enters.

The fraudulent manufacture of a claim, and of evidence to secure a judgment upon it, cannot escape the vigilant eye of a court of equity, which is always open to a party injured by a judgment obtained by fraud.

The complaint in an action, brought to set aside as fraudulent a judgment of foreclosure and sale, alleged that the plaintiff purchased certain property in the year 1862, subject to a mortgage made by one Warner to one Van Mater; that this bond and mortgage had been assigned to James Bowne in 1857, and had been assigned by Bowne to one Reid in 1858; that the assignment of the mortgage to Reid had never been recorded; that in 1868 the plaintiff paid the bond and mortgage to Reid's representatives, and that the bond and mortgage since the last-mentioned date had been in his possession, but that the satisfaction piece of the mortgage had never been filed; that in August, 1887, the defendant Albert B. Byrn obtained from Bowne an assignment of all his right, title and interest in the bond and mortgage in question, and thereupon proceeded to foreclose the mortgage. An order of publication of the summons was obtained which dispensed with the depositing of the same in the postoffice. Upon the reference to take proof of the facts and circumstances stated in the complaint, proof of the mortgage and assignment was made by reference to the county clerk's records and to the bond by reference to the records of the mortgage which recited a bond.

The complaint also alleged that plaintiff had removed to the State of New Jersey in 1864, and was wholly ignorant of the proceedings taken to deprive him of his property; that the assignment of the mortgage from Bowne was procured with the intent to cheat and defraud plaintiff out of his property by the fraudulent and pretended foreclosure of the mortgage which, though uncanceled, had been paid; that plaintiff was ignorant of the attempt taken to foreclose the mortgage until very recently; that the judgment and decree of foreclosure in said action was obtained by fraud and in pursuance of an intent to cheat and defraud the plaintiff out of his property and by a series of gross impositions upon the court, of which the defendant Marcus L. Byrn, who was the purchaser on the sale under the foreclosure judgment, had full notice and knowledge.

Upon appeal from a judgment overruling a demurrer interposed to the complaint, on the ground of insufficiency,

*Held,* that a cause of action was stated in the complaint.

APPEAL by the defendants, Albert B. Byrn and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 14th day of February, 1895, upon the decision of the court rendered at the Kings County Special Term overruling the demurrer of the defendants to the plaintiff's complaint, and also from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 7th day of February, 1895, upon which said judgment was entered.

*Geo. W. Stephens,* for the appellants.

*Rowland M. Hall,* for the respondent.

DYKMAN, J. :

This is an appeal from a judgment entered upon an order overruling a demurrer interposed by the defendants to the amended complaint of the plaintiff.

The demurrer was for insufficiency. The action was brought to set aside as fraudulent a judgment of foreclosure and sale, entered in the Supreme Court, in the county of Queens, on the 6th day of February, 1888, by the defendant Albert B. Byrn, under which the land of the plaintiff was sold and the defendant Marcus L. Byrn became the purchaser. The complaint states substantially that the plaintiff purchased the lots in 1862, at which time they were subject to a mortgage made by one Warner to one Van Mater, dated March 31, 1857, and due by its terms March 31, 1862. This bond and mortgage were assigned to one James Bowne, July 3, 1857, and were assigned by Bowne to one Reid, April 1, 1858. On July 20, 1868, the plaintiff paid the bond to Reid's representatives, and took up the bond and mortgage, and has had them in his possession since that time. On the 24th day of August, 1887, the defendant Alfred B. Byrn, finding the record of the mortgage uncanceled, procured an assignment from James Bowne of all his right, title and interest in the bond and mortgage in question, and thereupon proceeded to foreclose the mortgage. An order for the publication of the summons was obtained dispensing with depositing the same in the post-office, and the summons was served by publication. Upon the reference to a referee to take proof of the facts and circumstances stated

in the complaint, the plaintiff herein being an absent defendant in that action, proof of the mortgage and assignment thereof was made by reference to the records of Queens county, and of the bond, by reference to the record of the mortgage which recited a bond. The plaintiff had removed to the State of New Jersey in 1864 and was wholly ignorant of the proceedings taken to deprive him of his property. The plaintiff alleges that the assignment of the mortgage from James Bowne was procured with the intent to cheat and defraud him out of his property by a fraudulent and pretended foreclosure of the mortgage, which, though uncanceled, was then paid.

It is further alleged that, in pursuance of that intent to cheat and defraud the plaintiff, the action to foreclose the mortgage was commenced by the defendant Albert B. Byrn against James Thomas Warner, James A. Baker and all persons or owners unknown, claiming an interest in the premises sought to be foreclosed in that action. It is further alleged in the complaint that the plaintiff was ignorant of the several attempts taken for a foreclosure of the mortgage until very recently. It is further stated that the plaintiff is informed and believes that the attempted assignment of the bond and mortgage by James Bowne to the defendant Albert B. Byrn, unaccompanied by the bond and mortgage, was wholly null and void and of no effect, and that the judgment and decree for the foreclosure of the mortgage was obtained by fraud, and in pursuance of an intent to cheat and defraud the plaintiff out of his property and by a series of gross impositions upon this court, of which the defendant Marcus L. Byrn had full notice and knowledge. The principal insistance on the part of the defendants in favor of the demurrer is that relief should have been sought in the foreclosure suit, and they cite a class of cases in which the courts have refused to entertain an action to nullify a judgment when the relief sought would require a retrial of the case already tried in the original suit. Such was the case of *N. Y. C. R. R. Co.* v. *Harrold* (65 How. Pr. 89). But such cases have no application here.

The trial of this action requires proof of an original fraud, concocted and perpetrated against the plaintiff and upon the court. Chancellor KENT, in the case of *Foster* v. *Wood* (6 Johns. Ch. 87), states the rule and its application as follows: " The rule is that chancery

will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defense, or unless he was prevented from availing himself of the defense by fraud or accident or the act of the opposite party, unmixed with negligence or fault on his part." Again, it is said in *Ross* v. *Wood* (70 N. Y. 10): " The fraud which will justify equitable interference in setting aside judgments and decrees must be actual and positive and not merely constructive. It must be that which occurs in the very concoction or procuring of the judgment or decree, and something not known to the opposite party at the time, and for not knowing which he is not chargeable with negligence." It is said in the case of *Whittlesey* v. *Delaney* (73 N. Y. 571) that " whenever the party, liable to be injured by a judgment tainted by fraud, has had no opportunity to protect himself against it at law, a court of equity is open to him."

In the case of *The State of Michigan* v. *The Phœnix Bank* (33 N. Y. 27) it is said : " It is needless to multiply cases showing that the courts, upon bill filed, will set aside as a nullity a judgment, decree or award obtained by fraud."

In the case of *The United States* v. *Throckmorton* (98 U. S. 65) it is said : " Where the unsuccessful party has been prevented from exhibiting fully his case by fraud or deception practiced on him by his opponent, as by keeping him away from court (by) a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff * * * or where the attorney regularly employed corruptly sells out his client's interest to the other side — these and similar cases which show there has never been a real contest in the trial or hearing of the case are reasons for which a new suit may be sustained to set aside and annul the former judgment."

This case falls within the authorities cited, and the complaint states a cause of action.

The appellant insists that the judgment is conclusive, but it is to be observed that nothing is conclusive in law which is procured by fraud, for fraud vitiates everything into which it enters. The fraudulent manufacture of a claim and of evidence to secure a judgment upon it, cannot escape the vigilant eye of a court of

equity which is always open to a party injured by a judgment obtained by fraud.

Our conclusion, therefore, is that the judgment should be affirmed, with costs.

PRATT, J. (concurring) :

We think that this demurrer was properly overruled. This disposition of the case does not militate against the application of the general rule. that a judgment between the same parties cannot be attacked collaterally. The precise point here is that this judgment is not between the same parties and this is not a collateral attack. The purchaser, Marcus L. Byrn, who is now in possession of the land which plaintiff claims to own, and which he undoubtedly at one time did own, was not a party to the foreclosure suit. He bought at the foreclosure sale, with notice, as plaintiff alleges, of the fraud of which plaintiff complains. Plaintiff alleges that he bought the premises in question subject to a mortgage held by Bowne, which Bowne subsequently assigned to Reid, and that he paid off the mortgage debt, principal and interest, to Reid or his representatives ; that Reid did not record his assignment nor did plaintiff, and the satisfaction piece was not filed ; that in 1887, nearly twenty years later, defendant Albert Byrn, with intent to cheat plaintiff, procured an assignment of the mortgage from Bowne, which he recorded, and thereupon began the foreclosure suit making plaintiff a party defendant, and proceeding by publication ; that plaintiff was never served with process, and heard nothing of this suit until long after the foreclosure judgment and sale, indeed, until just prior to the commencement of the present action ; that the premises were sold and were purchased by defendant Marcus L. Byrn, who was not a party to the foreclosure suit, but who purchased with knowledge of the facts on which plaintiff relies, etc. Of course, plaintiff might have appeared in the foreclosure suit if he had known of it, and, on proof of his present allegations, would have beaten that plaintiff. But he did not know of that suit. On his allegations, the institution of the suit, indeed the procurement of the assignment from Bowne on which it was based, was a fraud upon him. The entry of the judgment in his absence and without his knowledge, was no less a fraud, and still operated as a

fraud. True, as against that plaintiff, he might obtain relief by motion in that suit. But the purchaser under that judgment is now entitled to be heard, not simply on affidavits and in the usual haste of a motion, but deliberately, with that care and consideration which we give to trials, especially trials involving allegations of fraud. If plaintiff had sued Marcus L. Byrn in ejectment, very likely he would have been estopped by this judgment in foreclosure. He is bound to take no such risk. He, by this action, attacks this judgment and proceedings thereunder directly. They give color of title to his property, and, if valid, one of these defendants may deprive him of his property. We feel clear that such an action is proper both in principle and authority.

Judgment affirmed, with costs, but with leave to answer within twenty days on payment of costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs, with leave to defendants to answer in twenty days on payment of costs.