BENJAMIN WRIGHT, Appellant, v. DAVID MILLER et al., Respondents.

FORMER ADJUDICATION — EVIDENCE. Evidence *de hors* the record — introduced to show that a judgment roll, which disclosed the disallowance, as a counterclaim, of the claim asserted in the action on trial, was not a bar to such action, for the reason that there had been no adjudication on the counterclaim upon the merits, and that its disallowance was for want of jurisdiction only — examined and *held* to fall short of establishing the contention.

Mem. of decision below, 67 Hun, 649.

(Argued October 5, 1895; decided October 29, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1893, which affirmed a judgment in favor of defendants dismissing the complaint upon the merits entered upon a decision of the court on trial at Special Term.

---

* *Ante,* page 334.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant. The plaintiff's cause of action is not barred by the former adjudication. (*Bell* v. *Merrifield*, 109 N. Y. 202; *Perry* v. *Dickerson*, 85 N. Y. 345; *Marsh* v. *Masterton*, 101 N. Y. 401; *Unglish* v. *Marvin*, 128 N. Y. 380; *Stannard* v. *Hubbell*, 123 N. Y. 520; *House* v. *Lockwood*, 137 N. Y. 259.)

*F. P. Bellamy* for respondent David Miller. The plaintiff's demand was dismissed in a prior action between the same parties, and the judgment in the former action is conclusive against him here. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7; *Patrick* v. *Shaffer*, 94 N. Y. 430; *Pray* v. *Hegeman*, 98 N. Y. 351; *Bloomer* v. *Sturges*, 58 N. Y. 176; *Clemens* v. *Clemens*, 37 N. Y. 74; *Bell* v. *Merrifield*, 109 N. Y. 211; *King* v. *Townsend*, 60 Hun, 567; *House* v. *Lockwood*, 137 N. Y. 259, 268; *Williamsburgh S. Bank* v. *Town of Solon*, 136 N. Y. 465; *Smith* v. *Smith*, 79 N. Y. 634.)

*Samuel Keeler* for Ezra W. Miller and others, respondents. Plaintiff's cause of action is barred by the former adjudication. (*Embury* v. *Connor*, 3 N. Y. 511; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Birckhead* v. *Brown*, 5 Sandf. 134; *Pray* v. *Hegeman*, 98 N. Y. 351; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7; *Bell* v. *Merrifield*, 109 N. Y. 202.)

BARTLETT, J. This is a suit in equity to recover moneys alleged to have been loaned and advanced by plaintiff to one Charles E. Miller, since deceased, also moneys advanced for his funeral expenses, and to have certain instruments referred to in the complaint adjudged to be assignments by the heirs and next of kin of Miller to plaintiff of all their several rights and interests in the proceeds of sale in a certain partition suit to the extent of plaintiff's claim.

Hannah E. Miller, the grandmother of the plaintiff, Benjamin Wright, was the beneficiary under a trust created in her favor in 1806; in 1861 the plaintiff became trustee thereunder, and so continued until the death of his grandmother in 1871.

The persons entitled to the trust property after the death of Hannah E. Miller were her three children, viz.: Elizabeth Ann Wright, the mother of the plaintiff, Ezra Miller and Charles E. Miller.

The plaintiff claims that he loaned and advanced to Charles E. Miller, between October 17th, 1872, and September 9th, 1884, the date of Charles E. Miller's death, the sum of fourteen hundred and five dollars in small amounts of from twenty to thirty dollars, and took his notes therefor. He also alleges that he advanced to one David Miller, after the death of Charles, fifty dollars to pay funeral and other post mortem expenses of the latter.

In 1876 Charles conveyed his interest in the trust property to David Miller, his son, in trust, and the latter began an action for the partition of the property and for an accounting by the plaintiff in this action as trustee of the estate of Hannah E. Miller. This action was pending at the time of Charles E. Miller's death in 1884.

The partition suit was revived and continued against the heirs of Charles, and against the plaintiff in this action as trustee of the estate of Hannah E. Miller and individually, and resulted in judgment and sale of the property, and the proceeds have been brought into court, and one-third thereof belongs to the defendants in this action as the heirs at law of Charles E. Miller, deceased.

The defendants in this action deny most of the allegations of the complaint and aver that the amounts so paid to Charles by plaintiff are in no way secured as an express charge upon the real estate of Charles, or the proceeds of sale, and ask to have the moneys distributed.

They also plead, among other things, that in the partition action of *Miller* v. *Wright*, the plaintiff as defendant therein, and as trustee of Hannah E. Miller's estate, set up the claim

now sued upon by way of counterclaim in his answer and
sought to charge the alleged advances on the share of Charles
E. Miller, and that the counterclaim was disallowed on trial
before a referee.

On the trial of this case the judgment roll in *Miller v.
Wright* was read in evidence, and the plaintiff endeavored to
show by the testimony of one of the attorneys in the action
that there was no adjudication upon the merits against him on
his counterclaim, but that the referee held he had no juris-
diction.   This evidence was introduced for the very obvious
reason that the judgment roll upon its face contains nothing
to indicate that the claim of Benjamin Wright was not dis-
posed of on the merits.

On the contrary, it appears that Benjamin Wright submit-
ted to the court a proposed finding of fact and conclusion of
law covering his claim, and the referee refused to find as
requested.

On its face the judgment roll is clearly a bar to this action,
and we must so hold unless the evidence of the attorney over-
comes the force of this documentary proof.

This witness, on his direct examination, merely stated as to
the ground the referee took in reference to Benjamin Wright's
claim, that he understood it to be that the referee did not con-
sider it within his jurisdiction to pass upon it, but added, " I
am not stating what the referee said, but only my inference
from it."

On his cross-examination the witness was asked this ques-
tion : " Q. Mr. Taylor, before the referee, proof of Benjamin
Wright's claim was presented ?   A. Yes, sir ; and I under-
stood the referee to hold that it could not be made a lien
against the estate."

This last answer might very well be claimed as tending to
show an adjudication on the merits, but without so treating it
we are of opinion that there is nothing in this evidence that
would justify a finding that the referee held he had no juris-
diction to try and determine the issues raised by the counter-
claim.

The plaintiff was sworn as a witness on his own behalf, and, with full knowledge that the judgment in *Miller* v. *Wright* was pleaded as a bar to his claim, made no explanation as to the manner in which his counterclaim was disposed of in that case.

If the plaintiff suffers injustice by the disposition we are compelled to make of this case, it is, due to the fact that on the trial of this action there was an utter failure to establish the contention now made in his behalf that he has never had his day in court.

While it is true that the counterclaim set up in *Miller* v. *Wright* was for advances made by Benjamin Wright as trustee, and the claim now sought to be established is that of Benjamin Wright individually, yet it is undisputed that both of these causes of action embrace the same transaction, to wit, the alleged advance of a certain sum of money.

We do not pass upon the legal *status* of Benjamin Wright as an individual defendant in the suit of *Miller* v. *Wright*, but rest our decision solely upon the ground that the proceedings and judgment therein are a bar to this action.

In *Miller* v. *Wright* the plaintiff herein elected to assume the position that the advances in question were made by him as trustee, and, as this record is made up, it appears he was defeated on the merits.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.