Decided 30 July; rehearing denied 22 October, 1900.

## BELLE *v.* BROWN.

[61 Pac. 1024.]

RES JUDICATA—CONCLUSIVENESS OF JUDGMENT.

1. Judgments and decrees are conclusive as to what was actually litigated, and as to what might properly have been litigated in the proceeding, unless the failure to urge the point in question was caused by the adversary's fraud, and was without negligence of the losing party.

SUIT TO IMPEACH JUDGMENT—NATURE OF FRAUD.

2. In suits to set aside judgments or decrees, actual fraud with any intent to deceive the opposite party must be shown.

EQUITY—LIEN FOR ADVANCEMENTS—RES JUDICATA.

3. Where real property belonging to an intestate's estate has been partitioned among the heirs without actual knowledge by any of them that property conveyed by intestate to certain of their number had been conveyed as advancements, equity will not impress on the lands apportioned to such grantees a lien in favor of the other heirs for their share of the advancements, in a collateral suit, though the discovery that the conveyances were advancements was not made until after rendition of the decree in the absence of actual fraud or concealment: *Finley* v. *Houser*, 22 Or. 562, and *Crabill* v. *Crabill*, 22 Or. 588, cited.

EQUITY—SETTING ASIDE JUDGMENT—RES JUDICATA.

4. Newly discovered evidence will not justify a court in subsequently either setting aside or disregarding a judgment or decree for errors of fact that may have occurred therein.

REMEDY FOR UNEVEN ADVANCEMENTS—HOTCHPOT.

5. Equity will not assume jurisdiction of a suit to impress an equitable lien for advancements on the undistributed shares of certain heirs of an intestate in lands admeasured as dower, which have reverted to the estate, and lands conveyed to all the heirs, as tenants in common, by another heir, to whom advancements were made, since, under Hill's Ann. Laws, §§ 3104, 3105, requiring such an advancement to be brought into hotchpot, suit in partition is the only remedy.

From Marion : REUBEN P. BOISE, Judge.

This is a suit by Nancy S. Belle and others against Charles A. Brown and others to establish and foreclose an alleged equitable lien upon certain real property. The facts are that Charles Swegle conveyed to the defendants Charles A. and Frank E. Brown about fifty acres of land in Marion County, Oregon, stipulating in the deeds thereto that the premises so granted were intended as advancements to them equal to the sum of $2,500, as the representatives of his deceased daughter. The said

grantor died intestate, leaving surviving him Lucinda
Swegle, his widow, and the plaintiffs, Nancy S. Belle,
George Swegle, M. W. Swegle, Olevia Holmes, Emma
Bender, and Albert Swegle, his children and the defend-
ants, his grandsons, as his heirs. His estate having
been settled, the defendants secured a distributive share
of the personal property thereof, without the knowledge
of the administrator or the heirs that any advancements
had been made ; and a suit having been instituted in the
circuit court for said county to partition the real prop-
erty therein of which Swegle died seised, and neither
party having any knowledge of such advancements, a
decree was rendered setting off to each of the plaintiffs
and defendants certain of said lands in severalty, and
to the widow, for her natural life, 125.01 acres as her
dower ; but, she having died, the land so admeasured to
her reverted to the parties herein. After Swegle's death
there was found with his papers a deed to his daughter
Emma Bender for 80.25 acres of land in said county
which was not partitioned in said suit; but, the deed
never having been delivered, she, with her husband, exe-
cuted a deed releasing to each of her brothers and sisters
an undivided one-sixth, and to each of the defendants an
undivided one-twelfth, interest in said tract. The plain-
tiffs, having discovered that the conveyances made by
their father to the defendants were intended as advance-
ments, commenced this suit, alleging, in effect, that at
the time the partition suit was instituted the defendants,
well knowing that such advancements had been made,
wrongfully concealed such fact, with intent to defraud
the plaintiffs, who had no knowledge thereof ; that the
defendants have never paid any part of such advance-
ments, six-sevenths of which is due the plaintiffs, who
pray that the sum of $2,142.85 be decreed a lien upon
the defendants' interest in the lands so held by them as

tenants in common and in severalty, and that said premises be sold to satisfy said lien.

The answer, having denied the material allegations of the complaint, avers, in substance, that plaintiffs ought not to be permitted to say that the defendants had not paid the advances made to them, or that a lien should be impressed on their lands as security therefor, for that Charles Swegle, their grandfather, conveyed to each of the plaintiffs, in severalty, lands for various considerations, all of which exceeded the sum of $2,500, no part of which had ever been paid by either of them, and that in administering on the decedent's estate no account was taken of the advances made to the defendants, for the reason that there was due from each of the plaintiffs to said estate various sums of money, which offset the advances made to the defendants, in consequence of which the personal property of the estate was distributed equally among the heirs; that plaintiffs ought not to be permitted to say that the defendants had not paid any part of said advances, for that, in a suit instituted in the circuit court for said county, in which Lucinda Swegle, Nancy S. Belle, and the said Charles A. Brown and Frank E. Brown were plaintiffs, and the plaintiffs herein, George Swegle, Olevia Holmes, M. W. Swegle, Emma Bender, and Albert Swegle, were defendants, a decree was rendered partitioning to the plaintiffs and to the defendants all the real property of which Charles Swegle died seised, except the land set off to Lucinda Swegle as her dower, and that described in the deed to Emma Bender, which decree was never appealed from or modified, and is now in full force and effect; that each of the defendants owns an undivided one-twelfth of the premises so conveyed by Emma Bender to her coheirs, the title to which they claim under and by virtue of her deed. The court having sustained a demurrer to the new matter set out in the

answer, a trial was had upon the remaining issues, resulting in a decree as prayed for, but directing that the unpartitioned lands be first sold to satisfy the lien, and that, if the amount realized therefrom should be insufficient to pay the sum of $2,142.85, the real property of the defendants owned in severalty be sold to satisfy such deficiency, from which decree the defendants appeal.

                                              REVERSED.

For appellants there was a brief and an oral argument by *Mr. George G. Bingham*.

For respondents there was a brief and an oral argument by *Messrs. Woodson T. Slater* and *Tilmon Ford*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by defendants' counsel that, the estate of Charles Swegle having been fully administered upon and the personal assets thereof equally distributed to his heirs, and the real property of which he died seised partitioned in a suit instituted for that purpose, the advancements made by the defendants' ancestor have become *res judicata*, and, this being so, the court erred in sustaining a demurrer to the estoppels alleged in the answer. Our statute upon the subject of advancements, so far as applicable herein, is as follows : Hill's Ann. Laws, § 3104. "Any property, real or personal, that may have been given by the intestate in his lifetime as an advancement to any child, or other lineal descendant, shall be considered a part of the intestate's estate, so far as regards the division and distribution thereof among his issue, and shall be taken by such child, or other descendant, towards his share of the intestate's estate." Section 3105. "If the amount of such advancement shall ex-

ceed the share of the heir so advanced, such heir shall
be excluded from any further share or portion in the
division or distribution of the estate, but shall not be
required to refund any part of such advancement; and
if the amount so received shall be less than his share,
such heir shall be entitled to so much more as will give
him his full share or portion of the estate of the intestate."

1. The testimony shows that when the personal property of the decedent's estate was distributed, and also
when the real property of which he died seised was partitioned to the heirs, neither of them had actual knowledge
that the deeds executed to defendants by their grandfather
contained an expression that the grants so made were intended as advancements. The plaintiffs, by reason of such
want of knowledge, having failed to charge the defendants with such advancements upon the settlement of said
estate or in the partition suit, the question is, does the
order of distribution in the probate proceedings, or the
decree in partition, estop plaintiffs from maintaining this
suit? The law affords to parties litigant their day in court
for the enforcement of their rights or the redress of their
injuries, but public policy, in the interest of the peace of
society, demands that litigation should not be interminable, and, in enforcing such demand, the law limits parties
to one day in court, thereby requiring them to bring forward all claims and demands properly belonging to the
cause of suit or defense, as well as their evidence in support of their respective theories; and, as a corollary of
this principle, courts usually hold that judgments and
decrees are conclusive, not only as to what was actually
tried, but also as to whatever might have been litigated:
2 Black, Judgm. § 731.

A party failing to assert a claim in a suit in equity,
in which it might have been litigated with propriety,

will not be permitted afterwards to enforce it in a second suit, unless his failure to do so in the first instance was caused by the fraud of his adversary, and was not attributable to his own negligence : *Stewart* v. *Stebbins*, 30 Miss. 66 ; *Burford* v. *Kersey*, 48 Miss. 642.

2. In a suit to set aside a judgment or decree, the character of fraud which will justify equitable interference is not constructive, merely, but actual, and usually consists in the intentional concealment of a material and controlling fact for the purpose of misleading and taking advantage of the opposite party : *Ross* v. *Wood*, 70 N. Y. 8 ; *Ward* v. *Town of Southfield*, 102 N. Y. 287 (6 N. E. 660) ; *Mayor, etc.* v. *Brady*, 115 N. Y. 599 (22 N. E. 237); *Mather* v. *Parsons*, 32 Hun, 338 ; *Jones* v. *Jones*, 71 Hun, 519 (24 N. Y. Supp. 1031) ; *Rice* v. *Bruff*, 87 Hun, 511 (34 N. Y. Supp. 501) ; *Baker* v. *Byrn*, 89 Hun, 115 (35 N. Y. Supp. 55) ; *Amador Min. Co.* v. *Mitchell*, 59 Cal. 168.

3. Notwithstanding the deeds executed by Charles Swegle to the defendants contain recitals that the considerations expressed therein were intended as advancements, and that they might reasonably be chargeable with notice thereof, yet they had no actual knowledge that the grants were so intended by their grandfather; and, this being so, they did not, in the settlement of his estate or in the partition suit, intentionally conceal a material fact; and hence equity will not, in a collateral suit, correct or modify the former decree in so far as it may in any manner affect the title to the premises set off to them in severalty : *Morrill* v. *Morrill*, 20 Or. 96 (25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95); *Finley* v. *Houser*, 22 Or. 562 (30 Pac. 494); *Crabill* v. *Crabill*, 22 Or. 588 (30 Pac. 320); *Christy* v. *Spring Val. Waterworks*, 68 Cal. 73 (8 Pac. 849); *Doolittle* v. *Don Maus*, 34 Ill. 457 ; *Irvin* v. *Buckles*, 148 Ind. 389 (47 N. E. 822); *Whittemore* v. *Shaw*, 8 N. H.

393.   It may. be said that the title to the lands so appor-
tioned to the defendants is not assailed by this suit, nor
can such title be affected thereby, except so far as a fail-
ure to pay the sum charged against the property by the
decree may tend to accomplish the alienation thereof.
But to permit such a result to follow would, in effect, be
opening up in a collateral suit the original decree in par-
tition, which has become *res judicata*.

   4.   The question of actual fraud being thus eliminated,
the only remaining ground for impeaching the decree of
partition is the plaintiff's discovery of the fact that ad-
vances had been made to the defendants which were not
taken into account in the suit for partition.   The rule is
well settled, however, that newly discovered evidence
furnishes no ground to attack a judgment or decree, and
that errors of fact in a suit in equity do not render the
decree liable to be impeached in another suit: *White
Water Canal Co.* v. *Henderson*, 3 Ind. 3 ; *Pease* v. *Whitten*,
31 Me. 117 ; *Wright* v. *Trustees*, 1 Hoff. Ch. 202.   Thus,
in a partition suit, if the trustee under the will of the
ancestor files a petition to charge one of the heirs with
advancements, and is defeated, he cannot maintain a suit
against the heir to recover the advancement upon the
ground of special agreement, which was not set up in the
former suit: *Wright* v. *Miller*, 147 N. Y. 362 (41 N. E.
698).; *Wright* v. *Miller*, 67 Hun, 649 (22 N. Y. Supp. 24).
So, too, a decree fixing the amount of the distributive
shares, based upon the advancement to one of the de-
fendants, is conclusive evidence of such amount in a suit
for partition : *Torrey* v. *Pond*, 102 Mass. 355.   The de-
fendants not having any knowledge that the real prop-
erty so conveyed to them by their grandfather was in-
tended by him as advancements, they were not guilty of
any actual fraud in the partition suit, and hence the land
so set off to them in severalty is freed from any claim

thereon that the plaintiffs might have litigated in that suit. It will be remembered that Emma Bender released to each of the defendants an undivided one-twelfth of the real property described in the deed which was found with her father's papers after his death, thereby conveying to each an undivided one eighty-fourth interest in said premises, more than he inherited from his grandfather. If the defendants had secured title to real property from third parties, no equitable lien could be impressed thereon to secure said advancements, and in any subsequent partition suit the plaintiffs can acquire no greater interest in the land so conveyed by Mrs. Bender than the defendants inherited therein from their grand father.

5. Any child or other lineal descendant who has received from his intestate ancestor an advancement is required to bring it into hotchpot: Hill's Ann. Laws § 3104. This does not mean that his title shall be devested, but that the value of the advancement shall be taken into consideration in making the distribution: *Jackson* v. *Jackson*, 28 Miss. 674 (64 Am. Dec. 114). When advancements of unequal values have been made by an ancestor in his lifetime to his children or lineal descendants, in a suit for partition of the real property inherited from him it is proper for the court first to find the value of each advancement, and require the same to be brought into hotchpot: *Pigg* v. *Carroll*, 89 Ill. 205. So, too, it is held that, although jurisdiction is conferred by statute on the probate court in the matter of controversies as to advancements made by the decedent to his children, yet when the jurisdiction of the chancery court has attached, under a bill for the partition of land among them, the court may, before decreeing partition, require the parties to account for these advancements, taking the same as a part of their respective shares: *Marshall* v.

*Marshall*, 86 Ala. 383 (5 South. 475). Each of the defendants has an undivided one-fourteenth interest in 205.26 acres of land in Marion County, Oregon, which is subject to the claim of $2,142.85 in favor of the plaintiffs, assuming that they have received from their father no advancements ; and as the question of fraud, upon which the suit was founded, has been eliminated, a suit in partition is now the only remedy by which all the parties may be compelled to account for any advancement which they may have received. Hence the decree will be reversed, and the bill dismissed.        REVERSED.